SEYMOUR L. BYINGTON v. THE BOARD OF COMMISSIONERS OF SALINE COUNTY.

1. SUPREME COURT — *Questions Reviewed.* Only such questions as have been raised and decided in the trial court will be reviewed by the supreme court, in a proceeding in error.

2. ——— *Insufficient Pleading.* A pleading should contain a positive statement of essential facts; and it must be held insufficient where it merely states that such facts are alleged to exist.

3. RULING — *Reversal, When.* To secure the reversal of a ruling refusing to allow a party to amend his pleading, he must show affirmatively that the amendment proposed was material, and that its refusal was a clear abuse of judicial discretion.

*Error from Saline District Court.*

JUNE 3, 1885, the defendant *Board of Commissioners* recovered a judgment against plaintiff *Byington,* who brings the case here. The opinion states the facts.

*Seymour L. Byington,* plaintiff in error, for himself.

*Joseph Moore,* county attorney, for defendant in error; *W. P. Quinby,* of counsel.

The opinion of the court was delivered by

JOHNSTON, J.: Seymour L. Byington brought an action, before a justice of the peace, against the board of county commissioners of Saline county, alleging that on the 28th of June, 1868, the county treasurer of Saline county erroneously sold a forty-acre tract of land for taxes, and that on November 27, 1872, the county sold and assigned a certificate of the sale to him on payment of $21.58, and that afterward he demanded, and the county clerk refused to make, a deed on the certificate, basing his refusal on the ground that the sale was illegal. He then alleged that—

"He offered to return said certificate to the county treasurer of said county, and demanded a return of said purchase-money with statutory interest, and said treasurer refused to make said restitution, (said money, *as it was alleged,* not then being in

the treasury of the county, but having been, by the acts and order of the board of county commissioners and county treasurer, appropriated and paid out and expended by and for said county of Saline;) whereupon said plaintiff went before said board of county commissioners and asked said board for an order for the payment of said sum of money and interest, which last request was refused."

He obtained a judgment against the county board before the justice of the peace, and an appeal was taken by the board to the district court. There Byington, upon an order of the court, amended his bill of particulars, and made a more specific statement in relation to the time when he demanded a deed from the county clerk, and of the time he demanded of the county treasurer that the money be refunded; and it is alleged that the treasurer based his refusal on the ground that he had orders to that effect from the county board. A general demurrer was filed against the amended bill of particulars, which was sustained. Byington then applied for leave to amend the bill of particulars, and to make a new party defendant, which application was refused; and he comes here asking a reversal for several reasons.

I. The first ground is, that the court permitted the defendants to demur to the bill of particulars without withdrawing their answer, and also in determining the demurrer while the answer remained on file. The point is raised here for the first time, and cannot be considered. The case is brought here to review and correct alleged errors committed by the district court, and not to decide questions which were not considered by that court. Again, it does not appear from the record that an answer was filed by the board of county commissioners, either before the justice of the peace, or in the district court.

II. The next point raised by plaintiff is, that the court erred in sustaining the defendants' motion requiring the plaintiff to make a more specific statement of facts; first, because it was made after answer; and second, because the statements demanded were immaterial and frivolous. In respect to this point we need only say that no answer was filed, and that if

the statements required were immaterial, no prejudice could result to the plaintiff.

III. The sustaining of the demurrer to the plaintiff's bill of particulars is the next ground assigned for a reversal. Within the authority of *Comm'rs of Saline County v. Geis*, 22 Kas. 387, the averments of the petition did not state a cause of action against the board of county commissioners. Here, as there, no allegation was made that the county treasurer was unable to refund the moneys demanded because of a want of funds in his hands; nor was there any allegation that the county board interfered to prevent the refunding of the money; and without these averments no cause of action was stated against the county board. He did aver parenthetically that—

"Said money, *as it was alleged*, not then being in the treasury of the county, but having been by the acts and order of the board of county commissioners and county treasurer, appropriated and paid out and expended by and for said county of Saline."

By whom it was alleged, or whether the allegation was a fact, is not stated. It devolved on the plaintiff to state facts, and not a matter of hearsay which some one else may have regarded as a fact. It may have been alleged by one who had no knowledge on the question, or it may have been alleged by an officer who had the funds, but did not want to pay them out. These essential facts should have been plainly and unequivocally stated by the pleader; but as the averments were made, the pleading was clearly insufficient. (*Comm'rs of Saline Co. v. Geis*, supra; *Comm'rs of Lincoln Co. v. Faulkner*, 27 Kas. 165.)

IV. The final contention is, that there was error in the refusal to allow the plaintiff to amend "generally, and to make a new party defendant so as to avoid circuity of action." The only showing made upon this application was embodied in the following affidavit:

"Legrand Byington, of lawful age, says he is the authorized agent of the plaintiff (who resides in Iowa) in respect to the subject-matter of the above-named action, and that from

information that has come to his knowledge since this suit was brought before the justice of the peace, he·deems it necessary (to avoid circuity of action and to promote speedy justice) for plaintiff to make an additional party defendant."

The filing of an amended pleading is a matter within the sound discretion of the trial court. After a demurrer is sustained to the pleading, the court may allow an amendment to be made if the defect can be remedied by way of amendment. (Civil Code, § 141.) There is no showing in the record that the defect can be so remedied, nor does it appear whom the plaintiff desired to have made a new party defendant. It may have been a wholly unnecessary party. To secure a reversal, there must an affirmative showing that the amendments refused were material and proper to be made, and that their refusal was a clear abuse of judicial discretion. (*Krouse v. Pratt*, just decided.)

We cannot say that the district court committed any error, and we must therefore affirm its judgment.

All the Justices concurring.