MARTIN STEWART V. WILLARD E. WINNER *et al.*

No. 14,124.    (80 Pac. 934.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Amendment of Petition.* A ruling of the trial court refusing to grant leave to the plaintiff to amend his petition before an answer has been filed cannot be held to be material error in the absence of any showing as to the character or purpose of the amendment desired.

Error from Wyandotte district court; J. MCCABE MOORE, judge.  Opinion filed May 6, 1905.  Affirmed.

*Nearing & Townsend,* and *Frank Pittman,* for plaintiff in error.

*McFadden & Morris,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: Martin Stewart filed a petition against Willard E. Winner and the board of trustees of Park College, who attacked it by demurrer.  The demurrer was sustained, whereupon the plaintiff brought proceedings in error in this court to review that ruling, no judgment having been rendered.  The decision of the trial court was affirmed.  (*Stewart v. Park College,* 68 Kan. 465, 75 Pac. 491.)  Upon the recording of the mandate of affirmance the plaintiff asked leave to file an amended petition.  The court refused to grant it, and rendered judgment for the defendants.  The plaintiff prosecutes error, and contends that under the statute (Civil Code, § 136; Gen. Stat. 1901, § 4570) he had an absolute right to amend his petition at any time before the filing of an answer or the rendition of judgment.  Granting that this is true, it cannot avail the plaintiff.  So far as the record shows he did not in fact file an amended petition, or tender one for filing, and he in no way advised the court in

what respect or by what additions or alterations he wished to amend his original pleading.

"To secure the reversal of a ruling refusing to allow a party to amend his pleading, he must show affirmatively that the amendment proposed was material." (*Byington v. Comm'rs of Saline Co.*, 37 Kan. 654, 16 Pac. 1051.)

The position of the plaintiff is not bettered by the fact that if his view is correct he had a right to file his amended petition without permission. If the permission was unnecessary it could hardly have been material error to refuse to grant it. In *Quinlan, Montgomery & Co. v. Danford*, 28 Kan. 507, an attachment was dissolved because the affidavit was insufficient and the petition failed to state a cause of action. The plaintiff asked leave to amend each of them, and upon his request being refused brought the case here. In the opinion it was said:

"From the record before us, we cannot declare that any material error was committed by the refusal of the district judge to allow the amendments. There is no showing made in the record as to the character of the amendments requested, and therefore we cannot say whether the amendments would have been sufficient to cure the defects in the petition and affidavit. Without leave of the judge, the plaintiffs had the right to amend their petition, as no answer had been filed. If they had made the amendment, and then the judge had ignored or refused to consider the petition as amended, the error would be material. If the record contained the proposed amendment to the affidavit, and it appeared from such amendment that the affidavit would be sufficient, the refusal of the judge to allow the amendment would also be material error. . . . Error is not to be presumed, but must be affirmatively shown, and we cannot say from this record that any material or substantial error was committed." (Page 511.)

In the present case the petition as it stood stated no cause of action; it was not in fact amended; no

showing was presented that any amendment that could be made would be material; nothing therefore remained but for the court to render judgment for the defendants.

The judgment is affirmed.

All the Justices concurring.