No. 30,208.

LIZZIE S. SHELDON, *Appellant*, v. THE BOARD OF EDUCATION of the City of Lawrence, C. O. BOWMAN, Clerk, and J. F. METSKER, Treasurer, of Douglas County, *Appellees.*

(4 P. 2d 430.)

Opinion filed November 7, 1931.

*Lizzie S. Sheldon,* of Lawrence, *pro se.*

*Walter G. Thiele* and *Harry Frazee,* both of Lawrence, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action by a taxpayer to restrain and enjoin the board of education of the city of Lawrence, a city of the second class, from letting a contract to build a new schoolhouse on the site where the Pinckney school is now located, and from levying and collecting any tax therefor, for the reason that the board of education has not complied with the requirements of

chapter 229, Laws of 1925, by submitting such question to the qualified voters of the district before letting or attempting to let the contract. An amendment was filed a few days later alleging the proposed tax was illegal for the reasons stated in the petition, and that it would become a lien upon plaintiff's property, making the county clerk and county treasurer parties defendant, and praying for an injunction against them from collecting or attempting to collect the same. The court sustained a demurrer to the petition and amended petition on the ground that they did not state facts sufficient to constitute a cause of action, and granted the plaintiff time to further plead.

A second amended petition denominated "Petition Amended" was filed containing as an introduction the following statement:

"Plaintiff in the above-entitled action hereby rewrites and incorporates in her amended petition all the material facts alleged in her original petition, and in addition thereto states facts amplifying and explaining facts heretofore pleaded."

This amended petition consisted of twenty-one numbered paragraphs, and the defendants filed a motion to strike out all or part of seventeen of those paragraphs on the ground that such paragraphs or parts of them were repetition, irrelevant or immaterial. The court sustained the motion to strike part of paragraph 3 and all of paragraphs 5, 8, 10 and 18, and overruled the motion in all other particulars. The plaintiff immediately filed a further amendment as to paragraph 10. The court then sustained a demurrer to the amended petition, as again amended, on the ground that it failed to state facts sufficient to constitute a cause of action. From this ruling the plaintiff appeals and presents five specifications of error.

The first is the striking out of the amended petition five parts thereof, which the appellant maintains was reversible error. Appellant first objects to the use of the word "frivolous" as a ground or reason for striking out a part of any pleading. Appellees concede this point. This ground was presumably not considered by the trial court and it will not be considered here. It occurred only in connection with the third and fifth paragraphs. The other grounds given in the motion were because the objectionable portions were either irrelevant, immaterial or repetition. R. S. 60-741 authorizes the striking out of redundant or irrelevant matter inserted in a pleading, and the term "redundant" properly includes that which may be immaterial or a repetition. Webster defines re-

dundant as "exceeding what is natural or necessary; superfluous, superabundant, excessive." The question then is, Were the parts stricken out irrelevant, immaterial or repetition? If they were either there was no error in that order. The parts stricken out were as follows:

Part of paragraph 3, alleging that the district already has eleven schoolhouses and an immense debt of $565,000 yet unpaid, and at all the recent elections of mayor and other officers there has been a demand for the reduction of taxes and the complaint has been most bitter against the board of education.

All of paragraph 5, alleging that the board has publicly announced that it already has money to pay for the building and publicly stated that it intended to pay for the schoolhouse out of the general fund that was levied for the support of schools.

All of paragraph 8, alleging that there is no public necessity for the new building and that there is already a large and commodious schoolhouse on the original site.

All of paragraph 10, alleging that the board of education has levied a special tax of two mills on the dollar for school purposes and repairs, which was certified by the board to the county clerk on the 25th of August, which has compelled this plaintiff to make the county clerk and the county treasurer parties defendant.

All of paragraph 18, alleging that one Mont. J. Green, who was a bidder for the building contract, seems to have some interest in the question litigated and hence the plaintiff asked the court to make him a party defendant.

We think these allegations are all irrelevant and immaterial except paragraph 10, which is a repetition, as the same matter is more fully set out in the first amended petition, which we understand was not entirely dropped as a pleading by the language of the introductory statement in the second amendment. At any rate, if the plaintiff did not consider the first amendment as being and remaining a part of the pleadings, no prejudicial error followed the striking out of paragraph 10, because immediately after such ruling another amended petition was filed alleging the same facts as contained in paragraph 10 and was a part of the plaintiff's pleading on the hearing of the demurrer at a later date.

As to the other parts stricken out as irrelevant or immaterial, appellant contends that if these allegations were insufficient in them-

selves or with others in the petition to constitute a cause of action, the motion to strike should have been overruled and the matter properly reached upon demurrer, citing *Grand Lodge v. Troutman,* 73 Kan. 35, 84 Pac. 567. In that case the entire amended petition was stricken from the files and the only question there involved was sameness or repetition. The right to have stricken from a pleading redundant or irrelevant matter is not only specifically authorized by our statute, above cited, but a failure to bring such matter to the attention of the court before pleading thereto constitutes a waiver, as stated in *Savage v. Challiss et al.,* 4 Kan. 319, and *Warren v. City of Bonner Springs,* 115 Kan. 429, 224 Pac. 447.

"Redundancy consists of the needless repetition of material allegations, or of the insertion of irrelevant matter. . . . Irrelevant matter is always redundant, although redundant averments may not be irrelevant. . . . The proper remedy for redundancy is a motion to strike . . ." (49 C. J. 102.)

"Immaterial, irrelevant or redundant allegations in a pleading, including surplusage, unless the surplusage is merely a matter of inducement, or is otherwise unimportant, will be stricken out where prejudicial to the moving party." (49 C. J. 718.)

A moving party is prejudiced by redundant or irrelevant matter when by his failure to move that it be stricken out he waives objection to its being a part of the pleading and is compelled to plead or answer thereto. (49 C. J. 725.)

Numerous cases are cited by appellant, from Kansas and other jurisdictions, holding that such matters are largely in the discretion of the court, especially in equity cases, and that it was not error to overrule such motions. There are many reasons why it would not be error to overrule such a motion which would not apply on the other hand to make it error to sustain the motion, as appellant here contends it was, as was said in *Bank v. Showers,* 65 Kan. 431, 70 Pac. 332:

"The refusal to strike out this allegation constitutes the first ground of error. Technically, perhaps, this should have been stricken from the petition, but no material error arises from the court's refusal to do so." (p. 432.)

We find no error in the sustaining of this motion.

The second specification of error is the granting leave to appellees to file their demurrer to the amended petition out of time and refusing to strike it from the files because filed out of time. Appellant refers to the first part of R. S. 60-727 as limiting the power of the court or judge thereof in granting such leave to the filing of answers and replies, and cites similar statutes in Missouri

and other states which contain the word "pleading," not so contained in our statute. But when the last part of this statute is read in connection with the first part there is no doubt about it including the right to grant leave to file a demurrer as well as an answer or reply.

"The court or any judge thereof in vacation may in his discretion, and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this act, or by an order enlarge such time." (R. S. 60-727.)

The demurrer was filed one day late by leave of the judge of the court, and the filing of a demurrer is unquestionably an "act to be done" by the permission of the court, as covered by the statute. A demurrer to a petition is a pleading under our code (R. S. 60-703), and it has been held that the granting or refusal of leave to file a belated pleading is within the sound discretion of the trial court.

"Rule followed, that the granting or refusal of leave to file belated pleadings is within the sound discretion of the trial court." (*Croner v. Keefer,* 103 Kan. 204, syl. ¶ 2, 173 Pac. 282.)

There was certainly no abuse of discretion in granting such leave in this case, which extended the time only one day, and there could be no error in doing so unless it was shown to be an abuse of discretion, which was not shown.

The next error alleged is in not sustaining the application of the plaintiff for trial before another judge because of the disqualification of Judge Means on account of bias and prejudice toward the plaintiff, and his pecuniary and financial interest as the owner of property and a taxpayer in the school district which the defendant board of education represents. This was supported by the affidavit and oral testimony of the plaintiff. It is argued that the property of the trial judge will be enhanced in value by the building of the schoolhouse, whereas the prayer of the petition is for relief from the injurious burden of taxes threatened to be levied. Cases are cited from other jurisdictions holding a judge who is a property owner and taxpayer in a district where a levy of tax is involved in the litigation is disqualified as interested. R. S. 60-511 provides for the change of judges "when the judge is interested or has been of counsel in the case or subject matter thereof."

In the case of *Gray v. Crockett,* 35 Kan. 66, 10 Pac. 452, it was said:

"A district judge ought not to change the place of trial of a civil action,

except for cause, true in fact and sufficient in law, and the cause for such change should be made to clearly appear to the court; but when an affidavit for a change of venue is presented, which is general in its terms, and the judge has personal knowledge that he is disqualified to sit, a change of venue ordered by him upon the affidavit and his own personal knowledge that he is so disqualified, cannot be declared erroneous." (Syl. ¶ 2.)

In the case of *City of Emporia v. Volmer*, 12 Kan. 622, it was held:

"In criminal cases, on an application for a change of venue on account of the prejudice of the judge, such facts and circumstances must be shown by affidavits or other evidence as clearly establish such prejudice; and unless it be by such testimony clearly established, a reviewing court will sustain an overruling of the application, on the ground that the judge must have been personally conscious of the falsity or nonexistence of the ground alleged." (Syl. ¶ 1.)

The affidavit of the plaintiff shows that the bias and prejudice of the judge is evidenced by his discrimination and comparative unfriendly attitude toward plaintiff in the hearing of the case, and for some reason unknown to plaintiff. A judge should be personally conscious of the truth or falsity, the existence or nonexistence, of such alleged grounds, and should act accordingly in holding himself qualified or disqualified.

"The previous rulings of a judge, although erroneous, numerous, and continuous, especially when they are subject to review, are not sufficient to show such bias or prejudice as would disqualify him." (33 C. J. 1001.)

"Generally it is held that an interest which a judge has in common with many others in a public matter is not sufficient to disqualify him. Where the interest of a judge as a resident or taxpayer is not direct or immediate, but remote or contingent, his mere interest as a resident or taxpayer ordinarily is not sufficient *per se* to disqualify him." (33 C. J. 995.)

The case of *Meyer v. City of San Diego*, 121 Cal. 102, cited by appellant as holding that the judge as a taxpayer was disqualified recognizes that such conclusion is different from former rulings in that state, but bases the distinction upon the very unusual situation in that the case involved the validity of city bonds to the extent of one and a half million dollars which were to run for a period of forty years.

In the Florida case cited (*State v. R. M. Call*, 41 Fla. 442) it was held that the judge, being a resident and taxpayer of the county, was disqualified because the statute against disqualification did not mention an action of the kind pending, and he was held disqualified because of legislative intent on account of the omission.

The Oklahoma case cited (*Schulte v. Bolen,* 90 Okla. 238) did not arise in the usual way, but was an original case in mandamus in the supreme court against the trial judge, and he was in that action held to be disqualified, but no facts or grounds are stated, but it was held that judges should be unbiased, impartial and disinterested.

The general tendency, in the absence of controlling statutory provisions, seems to be that the fact alone of being a resident and taxpayer should not disqualify a trial judge. (See 33 A. L. R. 1322.)

The next error assigned is in sustaining the demurrer of the defendants on the ground that the amended petition and the further amendment thereto as to paragraph 10 fail to state facts sufficient to constitute a cause of action.

The gist of the allegations of these amended petitions is that the defendant board of education is about to let a contract to build a schoolhouse on the site where the Pickney schoolhouse is now located and on additional ground which the board has already purchased for a sum exceeding $2,000, contrary to the provisions of R. S. 72-1826, all in school district No. 60 and in the city of Lawrence, a city of the second class; that although no additional grounds were necessary, the defendant board has spent $16,000 for such without any tax being levied for the last ten years for the purchase of additional grounds; that the defendant board has already levied for the year 1930 a two-mill tax for schoolhouse and repairs in addition to the other school tax; that the letting of such building contract and the making of levy therefor is in violation of the provisions of chapter 229, Laws of 1925, unless authorized by a majority of the qualified voters of the district, and no such election has been had or called, and that the defendant board of education, county clerk and county treasurer threaten to and will impose and collect such building tax unless restrained and enjoined from doing so.

The amended petitions nowhere alleged under what statute the board is assuming to act. Unless it is acting under chapter 229, Laws of 1925, it would not be bound by its provisions as to submitting the question to the qualified electors. There are many statutes relating to building and repairing schoolhouses in cities of the second class, and before tying the hands of public officers, who are presumed to be obeying and following the law in the discharge of their official duties, there should be some allegation of their

failure to comply with some provision of the law under which they are proceeding—not their failure to comply with the provisions of all the laws relating to the same subject, nor the provisions of any particular one of them, except the one under which they were acting. To allege that the action of the board is illegal without an election is a conclusion of law, not a statement of fact.

"A petition to enjoin a tax held demurrable because the only ground alleged was that it was illegal—a mere conclusion of law." (*Houser v. Smith,* 80 Kan. 260, syl., 101 Pac. 1001.)

The action of the board would be illegal, if it is proceeding under chapter 229, Laws of 1925, without an election, and if so alleged, it would be a matter of defense to show it was not acting under that law, but without such allegation we have no cause of action.

The numerous authorities as to the office and use of a demurrer, and the wise policy of submitting such matters to a vote of the people, are all very proper and helpful in their special fields, but they fail to supply allegations not found in the amended petitions. For these reasons we find no error in the sustaining of the demurrer. The allegations concerning the expenditure of $2,000 and $16,000 for additional grounds illegally do not supply the omission or make a case for the plaintiff because such irregularity or abuse of power does not connect up with or indicate a disregard of the provisions of chapter 229, Laws of 1925, which is the essence of the claim for and need of an injunction in this case. If the board is spending money it already has collected for other purposes and in an improper manner or for a different purpose than that for which it was collected and intended, it may be enjoined, but not because of its disregard of the provisions of said chapter 229 in not submitting a certain other matter to a vote of the people of the district. The insufficiency of the allegations in this case applies to the defendants county clerk and county treasurer the same as to the board of education.

The last assignment of error is the refusal of the court to permit a further amendment to be made after sustaining the demurrer. This would have been the fourth amendment if it had been allowed. R. S. 60-761 provides that—

"If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court or judge in its discretion shall direct."

The record does not show any statement as to the kind of

amendment proposed to be made or whether it would have remedied the defect. Besides, there should be a reasonable limitation on the number of amendments allowed to any particular pleading, and to constitute reversible error it should appear from the record that the refusal was a clear abuse of judicial discretion, which is not here shown.

"To secure the reversal of a ruling refusing to allow a party to amend his pleading, he must show affirmatively that the amendment proposed was material, and that its refusal was a clear abuse of judicial discretion." (*Byington v. Comm'rs of Saline Co.*, 37 Kan. 654, syl. ¶ 3, 16 Pac. 105. See, also, *Stewart v. Winner*, 71 Kan. 448, 80 Pac. 934.)

The record does not in fact show a refusal. The matter is not mentioned in the journal entry, but the transcript shows the request to further amend, and the reply of the district judge to the effect that it would not do any good to amend, but suggested the better course to appeal, and added, "Of course, you pursue such method as you want to."

We find no error in any of the assignments.

The judgment of the trial court in sustaining the demurrer to the amended petitions is therefore affirmed.