No. 32,908

THE BOARD OF EDUCATION OF THE CITY OF GREAT BEND, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BARTON et al., *Appellees.*

(58 P. 2d 40)

Opinion filed June 6, 1936.

*R. C. Russell,* of Great Bend, *Thomas F. Doran, Clayton E. Kline, Harry W. Colmery, M.'F. Cosgrove, Robert E. Russell* and *Kenneth W. Wagner,* all of Topeka, for the appellant.

*W. H. Vernon, J. S. Vernon, Vincent G. Fleming,* all of Larned, *Herbert Diets, Clyde Allphin,* both of Great Bend, *Walter F. Jones, C. E. Chalfant* and *J. Clair Stevens,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover certain tax moneys alleged to be due plaintiff, appellant here, under the Barnes high-school law, but which appellant alleges had been improperly withheld and disbursed by appellees, the board of county commissioners and the county treasurer of Barton county, to appellees, various school districts. The appeal is by plaintiff from an order striking a so-called first amended petition from the files.

The years during which it is alleged such improper withholding and distributing occurred are the years from 1924 to 1931, inclusive. The original petition was filed March 19, 1934. An amendment was made thereto and appellees, other than the board of county commissioners and the county treasurer of Barton county, were made parties defendant. The additional parties are school districts to which disbursements of the fund were made during the years mentioned. On November 20, 1934, demurrers of all defendants to this petition were sustained except the demurrer of the county treasurer, which was overruled. To it the county treasurer filed an answer. This action, so far as the county treasurer is concerned, is not involved in this appeal. The sustaining of the demurrers to the amended petition was a final order. No appeal was taken from that judgment rendered on November 20, 1934. The various demurrers were sustained on the ground appellant had not alleged facts showing compliance on its part with the requirements of the cash-basis law, being chapter 319 of the Laws of 1933, and, further, that the county commissioners, as agents for the county, are not liable for acts of the county treasurer in the absence of a statute creating such liability. After the term expired during which the demurrers were sustained, and on May 14, 1935, appellant filed its so-called first amended petition. This was almost six months after the sustaining of the demurrers. Appellant says the last petition pleads the same cause of action as the original petition. It contends:

"The only change in the allegations in the amended petition is the addition of an allegation that the said moneys received and held by appellees were

received and are held by them in violation of the constitution of the state of Kansas. The thing in issue, as alleged in each of the petitions, is whether or not the money was illegally received and is illegally held. The allegation pertaining to the violation of the constitution is material, but is merely descriptive of the cause of action and does not constitute a part thereof."

The various appellees filed motions to strike the first amended petition (that is, the last petition) from the files. Contained in these motions of the various appellees, were the grounds that the material allegations of the last petition were *res judicata*, the first amended petition was filed out of time and without permission and that it constituted a departure. The motions were sustained. Later appellant requested the court to state its reasons for the ruling. It did so. Two of the grounds for the ruling were: the last petition was filed out of time and without permission or order of the court and that the cause of action is *res judicata*.

Appellant contends the striking of the last petition from the files constitutes reversible error. Assuming appellant is correct in its statement that the last petition set out the same essential cause of action as the former petition, then it would appear appellant was not injured by the order to strike. The order to strike in this case was tantamount to an order sustaining a demurrer. A demurrer would have been good. (*Levant Consolidated Dist. v. Colby Comm. High School,* 140 Kan. 561, 38 P. 2d 684.) See cases therein cited. The constitutional validity of the cash-basis law was challenged on various grounds, including the one raised in the instant case in *State, ex rel., v. Board of Education,* 137 Kan. 451, 21 P. 2d 295, and was held valid.

We need, however, not rest the decision on that ruling. It will be observed the last petition was filed after the term during which the demurrers were sustained. It was almost six months after this ruling that the last petition was filed. There is some dispute relative to whether leave was granted to file an amended petition, and, if so, how much time was granted, after the sustaining of the demurrers. Nothing appears, in either journal entries or any abstract of the trial-court docket, concerning further leave to plead. The trial court specifically found the last petition was filed out of time and without permission or order of the court. That finding, under the circumstances in this case, must be final here. Counsel for appellant testified:

"I understood that it was understood by the court and counsel for the defendants that an amended petition would be filed just as soon as I could reach

it; . . . I asked the court for leave to extend the time until after the adjournment of the 1935 session of the state legislature."

Appellant does not contend the trial court abused its discretion or acted arbitrarily in striking the last petition from the files. Counsel for appellant, who testified, was a member of the state legislature. R. S. 1933 Supp. 46-127 specifically prescribes the period of privilege. It grants legislators who are attorneys of record, immunity from court procedure during a period of fifteen days before the legislature convenes and ten days after the legislature shall have adjourned *sine die*. Assuming appellant was correct in the understanding that it was to be permitted to file an amended petition after adjournment of the 1935 legislative session, the fact remains the last petition was not filed until May 14, 1935, a period of over two months after adjournment. In the absence of an order or journal entry to the contrary, the finding of the trial court that the last petition was filed out of time and without permission or order of the court must stand. Amendment of pleadings ordinarily rests in the sound discretion of the trial court. (R. S. 60-759.) There is another provision of the code—R. S. 60-761, which reads:

"If the demurrer be sustained, the adverse party may amend, *if the defect can be remedied by way of amendment,* with or without costs, *as the court or judge in its discretion shall direct."* (Italics inserted.)

The ruling discloses no abuse of such discretion. In *Byington v. Comm'rs of Saline Co.,* 37 Kan. 654, 16 Pac. 105, it was held:

"To secure the reversal of a ruling refusing to allow a party to amend his pleading, he must show affirmatively that the amendment proposed was material, and that its refusal was a clear abuse of judicial discretion." ( Syl. ¶ 3.)

See, also, *Stewart v. Winner,* 71 Kan. 448, 80 Pac. 934; *Sheldon v. Board of Education,* 134 Kan. 135, 143, 4 P. 2d 430.

In the instant case appellant has met neither of these requirements. It follows the ruling of the trial court striking the last amended petition from the files must be affirmed. It is so ordered.