No. 33,235

THE BOARD OF COUNTY COMMISSIONERS of the County of Woodson, *Appellant*, v. RURAL HIGH SCHOOL DISTRICT No. 4 of Green, in Clay County, *Appellee*.

(65 P. 2d 574)

Opinion filed March 6, 1937.

*Leo W. Mills,* county attorney, for the appellant; *Edward H. Rees* and *Everett E. Steerman,* both of Emporia, of counsel.

*C. Vincent Jones,* of Clay Center, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action on warrants issued by Rural High School District No. 4 in Clay county, which defendant claims was barred by failure of the holders of said warrants to comply with the cash-basis law.

The action was brought by the board of county commissioners of Woodson county to recover judgment against Rural High School District No. 4 of Clay county on four certain warrants, each for the sum of $159.50 and issued by that school district on October 1, 1930.

Plaintiff in its petition alleges that the warrants had been duly presented to the proper officers of the school district for payment, payment had been refused, and that they were registered as re-

quired by law. (G. S. 1935, 10-807.) Thereafter, for value, said warrants were duly transferred to the Farmers State Bank, of Neosho Falls, Kan.

The Farmers State Bank of Neosho Falls having been duly designated as a depository of the fund of Woodson county, the bank deposited said warrants with the National Bank of Topeka under a joint deposit receipt as provided by the statute, G. S. 1935, 9-142, as security for repayment of the funds so deposited.

Plaintiff alleges that by reason of the designation of such depository and the pledging of such securities with the National Bank of Topeka as escrow agent, and for safekeeping under the joint trust receipt, large sums of money belonging to Woodson county had been deposited in the Farmers State Bank. That on August 9, 1933, the Farmers State Bank became insolvent and was placed in the hands of the state banking department for liquidation. That by reason of these facts the warrants and securities in the hands of said escrow agent under the joint trust receipt became the property of the plaintiff for collection and liquidation.

To the petition of plaintiff, defendant filed its demurrer on the ground that plaintiff's petition failed to state facts sufficient to constitute a cause of action. The demurrer was sustained by the trial court, and from the order sustaining the demurrer plaintiff has brought this appeal.

Appellants contend: ·That the "claim or demand" mentioned in G. S. 1935, 10-1104, does not apply to warrants that have been presented for payment, payment refused for want of funds and which have been registered as provided by G. S. 1935, 10-807. That such warrants having been duly presented to the proper officials, and having been duly allowed, it was the duty of the officers to include these registered warrants in the statement as provided in the cash-basis law, and in that way see that they were liquidated by the issuance of bonds. That these warrants having been issued prior to the enactment of the cash-basis law, such law did not invalidate such warrants or change their legal status.

For several reasons, we are unable to adopt this position of counsel.

First: This construction would narrow the operation of the cash-basis law and to a large extent emasculate the statute. This limited view would not be justified unless the legislative intent was manifested in plain language.

Second: The statute in express words includes registered warrants. Thus, paragraph A, under G. S. 1935, 10-1103, reads:

"Amount of registered warrants and accrued interest thereon classified by funds and years of issue."

Section 10-1104 provides *inter alia* that "any person claiming to be a creditor of such municipality whose claim or demand is not shown upon such posted or published statement must present to the governing body a duly verified voucher covering the said claim or demand on or before May 15, 1933," etc., and in the last sentence it recites that all claims not presented as above provided shall be barred. In section 10-1101 the word "claim" is defined as including any claim arising on contract, express or implied. Claims arising on tort or negligence are excluded. We think the clear meaning of the cash-basis statute was to include registered warrants.

Third: The broad purpose of the statute was examined in *State, ex rel., v. Board of Education*, 137 Kan. 451, 21 P. 2d 303, and in *Levant Consolidated Dist. v. Colby Com. High School*, 140 Kan. 561, 38 P. 2d 684, it was held that the statute applied to claims held by one municipal corporation against another municipal corporation. It was not intimated in either case that the statute excluded registered warrants. See, also, *Board of Education v. Barton County Comm'rs*, 144 Kan. 124, 58 P. 2d 40.

It is urged that the warrants sued on in this case represent indebtedness growing out of governmental functions and that the limitations in the cash-basis law do not apply. This proposition was considered in *Levant Consolidated Dist. v. Colby Com. High School*, supra, and it was there held that the statute applied not only in favor of but against municipal corporations.

Appellants next contend that if it was necessary to plead compliance with the cash-basis law, under the situation developed by the facts in this case, then that law is unconstitutional because it places on the plaintiff an unreasonable, arbitrary and unjust limitation as to the time within which to comply with the provisions thereof. In *State, ex rel., v. Board of Education*, 137 Kan. 451, 21 P. 2d 295, after holding that the cash-basis law did not unreasonably reduce the statute of limitations for establishing claims, it was stated: "If in the future some creditor should contend that his property rights had been infringed by the shortness of the time for presenting his claim, the validity of this provision as it affects him,

may be determined." (p. 455.) This contention is now made by appellant.

The warrants sued on were issued October 1, 1930. The cash-basis law went into effect March 31, 1933. The owner of the warrants thus had two and one half years before the cash-basis law to bring an action, and after that law the same time as any other creditor to prove his claim.

Appellants insist, however, that the warrants were owned by the Farmers State Bank until August 9, 1933, and that the plaintiff acquired no rights or title in the warrants until that date. The statute, G. S. 1935, 10-1104, provides that the owner of the claim must present it in the time specified or be forever barred. It would seem strange if the owner of a claim could circumvent the statute by an assignment and transfer of the claim to a third party after the time limit set by the law. This point must be ruled against the appellant.

We find it unnecessary to determine whether the warrants sued on are of the kind authorized by the statute, G. S. 1935, 9-142, as security for the deposit of public funds. If not, the deposit of the warrants was without legal significance and the duty was on the owner to prove the claim. But if the warrants were in the class so authorized by the statute, still someone had the right to make the claim. Upon what person that duty would rest would depend on the legal relationship created by the transaction. The statute does not state the owner must have physical custody to make the proof. In either view of the matter the fact is patent that ample time was given the owner to prove his claim, and the question of constitutionality cannot be invoked in this case.

The warrants were not negotiable instruments. The assignee stands in the shoes of his assignor. The plaintiff must claim through the right of the bank. As owner, the bank had the same time as any creditor to present its claim to the governing body for allowance. Having failed so to do, the claim is barred by the limitations of the act.

The judgment must be, and it is, affirmed.