No. 33,343

EDSON CONSOLIDATED SCHOOL DISTRICT No. 2 OF SHERMAN COUNTY, J. P. O'NEAL, Clerk; FRED BERGSMA, Director, and JOHN ELLIOTT, Treasurer, etc., *Appellants*, v. SCHOOL DISTRICT No. 64 OF SHERMAN COUNTY, LAWRENCE HOUSE, Clerk; CARL NORDMAN, Treasurer, and GAYLORD BUTTS, Director, etc., *Appellees*.

(67 P. 2d 567)

Opinion filed May 8, 1937.

*Charles G. Dockhorn* and *Max Jones*, both of Goodland, for the appellants.
*Elmer E. Euwer*, of Goodland, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This was an action by a school district to recover taxes erroneously credited to the defendant school district. A demurrer was sustained to the petition, and plaintiff appeals.

The plaintiff, the Edson Consolidated School District No. 2 of Sherman county, has within its boundaries 10.97 miles of the right of way of the Chicago, Rock Island and Pacific Railway Company. No part of this right of way runs through the boundaries of the defendant's district. During the years 1930, 1931 and 1932 the tax levy on 1.98 miles of the right of way was credited to defendant, school district No. 64, and the tax levy on only 8.99 miles was credited to plaintiff. The mistake on the part of the county clerk was not discovered until about June 22, 1933, and at that time the limit for presenting claims under the cash-basis law had expired.

In plaintiff's petition it is alleged that through the mistake, oversight and negligence of the county clerk and of the defendant, the tax was wrongfully credited to defendant; that the treasurer of Sherman county erroneously paid the money to the defendant and that the plaintiff was entitled to recover the amount so paid.

It is conceded that the limitations provided in the cash-basis law apply to actions between municipal corporations. (*Levant Con-*

*solidated Dist. v. Colby Comm. High School,* 140 Kan. 561, 38 P. 2d 684; *Woodson County Comm'rs v. Rural H. S. Dist.,* 145 Kan. 399, 65 P. 2d 574.) It is further admitted that as the claim of plaintiff was not presented as provided in the cash-basis statute it is barred, unless saved by the exemption clause in G. S. 1935, 10-1101, which reads:

"The word 'claim' shall be construed and held to mean any claim arising on contract express or implied, or a claim determined by final judgment, but shall not include claims arising from alleged tort or negligence on the part of the municipality."

Plaintiff asserts that it has a cause of action for negligence against the defendant, and hence it was not necessary to prove the claim under the cash-basis law. Plaintiff's petition, however, does not state a cause of action for negligence, but does state a cause of action for money had and received. It does not state a cause of action for a tort committed, but an action in quasi contract for restitution. Thus in the case of *Jones v. School District,* 26 Kan. 490, where an action was brought to recover money paid to a school district by mistake, this court, in an opinion by Brewer, J., said:

"Now whatever right of action plaintiff has under such circumstances springs not from any express promise in writing, but arises from the implied duty of the defendant to pay to anyone moneys which through mistake it has received from such person. . . . If he has paid the district more than it was entitled to, there may be an implied obligation on its part to return such payment, and such obligation raises and furnishes a cause of action from and after the very moment of such overpayment. . . . After the lapse of three years, the statute of limitations comes in and bars his action." (pp. 491, 492.)

The statute above quoted provides that the word "claim" shall be construed and held to mean any contract, express or implied. The term "implied contracts," as used in the statute, includes contracts implied in law, that is, quasi contracts. The case at bar is a perfect example of a contract implied in law. Money belonging to one school district was allocated to, and by mistake paid to, another school district. The cash-basis law provides that all claims arising on implied contracts must be presented for allowance within the time specified, and that if not so presented such claims shall be barred. As the claim of plaintiff falls within that classification it is barred by the express language of the statute. The judgment is affirmed.