No. 33,923

THE CITY OF VALLEY FALLS, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, *Appellee*.

(82 P. 2d 1088)

Opinion filed October 8, 1938.

*Richard A. Swallow*, of Valley Falls, for the appellant.
*James S. Lester*, county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: The city sued to recover $5,026.83, which it claimed defendant owed it for maintaining city streets which are parts of county highways. The petition alleged certain designated streets were connecting links in the system of county highways; that defendant never had maintained the streets nor paid the city for doing so, and sought recovery for all the time since April 1, 1929, the

effective date of the statute (G. S. 1935, 68-506e) relied upon, and alleged that on October 26, 1937, it filed its claim for the sum due with the board of county commissioners, which claim was denied. In order that the effect of the cash-basis law (G. S. 1935, 10-1101 *et seq.*) might be considered, the petition segregated from the total claim the amount of $2,391.41 claimed to be due prior to May 1, 1933. Defendant demurred specially to that part of the claim which accrued prior to May 1, 1933, upon the ground that it is barred by the statute of limitations. This demurrer was sustained. Plaintiff has appealed.

The statute (G. S. 1935, 68-506e), upon which plaintiff predicates its action, reads as follows:

"That the board of county commissioners of each county shall annually apportion and distribute quarterly to each city on the county highway system from the fund known as the county and township road fund at the rate of two hundred fifty dollars ($250) per mile for the maintenance of the streets in such cities used as connecting links in the system of county highways which are not connecting links in the state highway system, said moneys to be credited to the street and alley fund of such cities. In lieu of said apportionment the board of county commissioners may maintain in cities of the third class such streets and pay for such maintenance from the county and township road fund."

The cash-basis law (G. S. 1935, 10-1101 to 10-1122) became effective March 31, 1933. It applies to cities and counties and other political subdivisions or taxing districts of the state, and the claims of one of such municipalities against another. (*Levant Consolidated Dist. v. Colby Comm. High School*, 140 Kan. 561, 38 P. 2d 684.) It required all municipalities to pay or refinance all legal debts and obligations, except certain items not here involved. It fixed a date, April 30, 1933, as of which the municipality should determine and publish a statement of its debts and obligations, and (G. S. 1935, 10-1104) required anyone claiming to be a creditor of the municipality, whose claim was not listed, to present the same to the governing body of the municipality on or before May 15, 1933, and if the claim was disallowed the claimant had the right of appeal to the district court, and—

"All claims not presented as above provided (except unliquidated claims for damages) shall be barred and shall no longer constitute a valid and existing indebtedness of the municipality."

Plaintiff did not present any claim to defendant until October, 1937; hence its claim is barred if the cash-basis law is applicable.

Appellant argues that it was defendant's duty under G. S. 1935,

68-506e, to make the payments mentioned therein to plaintiff, and that plaintiff was not required to file a claim with defendant, or to make a demand upon it for payments. If it be assumed that was true prior to the passage of the cash-basis law, that act required any creditor of the county, whose item was not listed as an indebtedness, to file his claim by the date named. Hence, the point argued by appellant is not well taken. (See *Edson Consolidated School Dist. v. School Dist. No. 64,* 145 Kan. 847, 67 P. 2d 567.) Appellant argues it had no claim to present in May, 1933. It did present one in October, 1937, covering a period prior to May, 1933. No reason appears why it could not have presented its claim at that time for the sum then due and sue if its claim was not allowed, as it is doing now.

Appellant calls attention to the fact that the payment to be made by the county under G. S. 1935, 68-506e, is from the county and township road fund, and that under G. S. 1935, 68-416 (2), a part of the motor vehicle fuel tax money goes into the county and township road fund. From this it is argued defendant has received from the motor vehicle fuel tax the money claimed by plaintiff and is holding it in trust for plaintiff, and that the statute of limitations does not apply to a trust fund. The argument lacks merit. This action is not brought on a trust-fund theory. Perhaps plaintiff would be in no better position than it is if the action had been brought on that theory, but we will not decide that point, since it is not before us. There is no allegation in the petition that defendant is holding any money in the county and township road fund received from the motor vehicle fuel tax. The money so received may have been expended as authorized by G. S. 1935, 68-416 (2). Neither is it true that the motor vehicle fuel tax is the only money which goes into the county and township road fund. Taxes upon property may be levied for county roads (G. S. 1935, 68-519) and for township roads (G. S. 1935, 68-535). What plaintiff is seeking to do by its petition in this case is to recover a money judgment against the county for which a tax may be levied (G. S. 1935, 19-108) to raise the money for payment. In short, plaintiff sues as a common creditor of the county; hence it is futile to argue a trust-fund theory; and as such a creditor it was required, under the cash-basis law, to present its claim before May 15, 1933, for any sum then due.

Appellant argues that it did not have a claim against the county, as that term is defined in G. S. 1935, 10-1101, which reads:

"The word 'claim' shall be construed and held to mean any claim arising on contract express or implied, . . ."

If plaintiff has any right to recover, it is by virtue of the statute (G. S. 1935, 68-506e). A similar contention was made in *Edson Consolidated School Dist. v. School Dist. No. 64,* supra, and was denied. Is was said:

"The term 'implied contracts,' as used in the statute, includes contracts implied in law, that is, quasi contracts. . . . The cash-basis law provides that all claims arising on implied contracts must be presented for allowance within the time specified, and that if not so presented such claims shall be barred. As the claim of plaintiff falls within that classification it is barred by the express language of the statute." (p. 848.)

The same rule applies here.

We find no error in the record. The judgment of the court below is affirmed.