No. 38,084

MAURICE BARTON and RUTH BARTON, *Appellants*, v. EARL HACKNEY, *Appellee.*

(224 P. 2d 995)

Opinion filed December 2, 1950.

*Aubrey Neale* and *Raymond Belt*, both of Coffeyville, were on the briefs for the appellants.

*A. R. Lamb* and *C. A. Reed*, both of Coffeyville, were on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the lower court overruling appellants' motion for leave to file a supplemental petition. This case was before the court earlier on a demurrer to the petition (*Barton v. Hackney,* 167 Kan. 754, 208 P. 2d 590) in which we held the petition stated a cause of action and the demurrer thereto was properly overruled. Inasmuch as the contents of the petition were fully set forth in the former opinion of this court, only facts sufficient to determine the question involved in the instant case will be noted.

The petition alleged that a restaurant had been in operation at the same address in Coffeyville for over forty years and for fifteen years had been commonly known as "Earl's Café"; that the same employees had worked for the defendant at that restaurant for some seventeen or eighteen years; that defendant offered to sell the business and good will to the plaintiffs and represented that in addition to being the sole owner of Earl's Café he was a silent partner in the Alvin Café; that he took no active part in the operation of this business; that his health made it necessary for him to retire from the active operation of the restaurant. The petition also alleged that on May 3, 1948, relying on these representations, plaintiffs purchased Earl's Café from defendant for $10,500 and defendant signed a sales contract, in which he agreed as a part of the consideration not to engage in the café or eating business in Coffeyville for a period of five years except for his interest in the Alvin Café. A copy of the written contract was attached. The petition also alleged that prior to the payment of the purchase price plaintiffs and defendant talked with defendant's employees and they were all willing to continue working for the plaintiffs as they had been working for the defendant; that plaintiffs took possession of the restaurant and had been operating it ever since until the filing of the action. The petition further alleged that on and until about June 7, 1948, plaintiffs enjoyed the business and good will purchased from the defendant and the regular employees continued to work for them as they had for the defendant and that this condition would have continued except for the acts of defendant alleged. The petition further alleged that immediately after the sale to the plaintiffs, the defendant in violation of the terms of the contract bought the interests of the other owners in the Alvin Café; that he took over its complete ownership and management and

induced employees who were working for plaintiffs and had previously worked for the defendant at Earl's Café to leave plaintiff's place of business and work for the defendant; that he had offered these employees increases in wages and represented that plaintiffs would be forced to close in a short time on account of the defendant's taking the business away from them. The petition further alleged that the acts of defendant in violation of the sales agreement in operating a café in competition with the plaintiffs and hiring plaintiffs' employees had caused plaintiffs great damage and that since June 7, 1948, plaintiffs had been damaged in the sum of $125 per week on account of these violations and the defendant had continued to violate the agreement and was continuing to cause plaintiffs further damage, for which plaintiffs could not be compensated and for which they did not have any adequate remedy at law. The petition further alleged that as a result of defendant's breach of his contract, plaintiffs had been damaged and are entitled to the sum of $2,375 up to October 18, 1948, and are entitled to recover the additional sum of $125 per week until defendant ceased to violate the contract and in addition plaintiffs are entitled to an injunction for a period of five years from May 3, 1948. The prayer was for the damages alleged and for an injunction.

Issues were joined by appellee's answer and appellants' reply thereto, the contents of which are not material to the issue involved herein. Trial of the action on December 19, 1949, resulted in a hung jury. The case was continued after the jury failed to agree, and thereafter appellee sold the Alvin Café. Appellants then asked leave to file a supplemental petition alleging sale of the café on February 4, 1950, and asking damages from the date of filing the original petition October 27, 1948, until February 4, 1950, at the rate of $125 per week. The trial court denied appellants' motion and refused to permit filing of the supplemental petition, and appellants charge error in such refusal.

The sole question involved in this appeal is whether the trial court abused its discretion in denying appellants' motion to file a a supplemental petition. G. S. 1935, 60-764 provides:

"Either party may be allowed, on notice, . . . to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply."

Under our code, great liberality is allowed in amending and supplementing pleadings. Courts may allow corrections of mistakes

of all kinds and parties may be permitted to add pertinent facts and insert allegations to make clear that which has not been definitely stated, or which elucidates, strengthens or explains the averments of the original pleading. (*Byington v. Comm'rs of Saline Co.*, 37 Kan. 654, 16 Pac. 105.) However, it has been a long established rule of law in this state that the filing of amended and supplemental pleadings is a matter within the sound discretion of the trial court, and to secure the reversal of a ruling refusing to allow a party to amend or supplement his pleading, he must show affirmatively that the amendment or supplemental pleading proposed was material, and that its refusal was a clear abuse of judicial discretion. (*Byington v. Comm'rs of Saline Co.*, supra; *Stewart v. Winner*, 71 Kan. 448, 80 Pac. 934; *Croner v. Keefer*, 103 Kan. 204, 173 Pac. 282: *Sheldon v. Board of Education*, 134 Kan. 135, 4 P. 2d 430; *Board of Education v. Barton County Comm'rs*, 144 Kan. 124, 58 P. 2d 40.)

An examination of appellants' original and proposed supplemental petitions discloses that his supplemental petition contains nothing more in substance than a repetition of the pertinent averments of the original pleading. The original petition alleged the continuing damage to appellants due to the violation of the contract, and the amount thereof, for the duration of the stipulated five-year period, *or until such violation should cease.* All the supplemental petition added to this was a statement as to the date of termination of the violation, thereby limiting his recovery to a period within the five-year term provided in the contract. We find nothing in the record to show affirmatively that the supplementary matter proposed was material or that its refusal was a clear abuse of judicial discretion.

The judgment of the lower court is affirmed.