No. 28,333.

CHARLES WINGROVE, *Appellant*, v. THE PEOPLES NATIONAL BANK, *Appellee.*

(275 Pac. 150.)

Opinion filed March 9, 1929.

*Charles Wingrove,* of Clay Center, *pro se.*

*W. T. Roche,* of Clay Center, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The plaintiff in this case appeals from the judgment rendered against him for costs based upon a verdict of a jury in an action brought by him against the Peoples National Bank to recover in two counts the sums of $15 and $100 charged against him by the bank and taken out of his funds by the bank as and for attorney fees in connection with the foreclosure of a mortgage by the bank against the plaintiff.

The answer was a general denial, and the claim of the defendant bank was that these two items were attorney fees it had paid to attorneys in connection with the foreclosure of its mortgage against the plaintiff, but were not charged or claimed as such, but that the bank claimed and collected these amounts by virtue of an agreement with the plaintiff wherein and whereby it agreed to refrain from foreclosing its second mortgage on plaintiff's property and to extend the time for the payment of the mortgage, and agreed to waive its right to collect the penalty rate of ten per cent interest on the mortgage indebtedness and to charge only six per cent instead if the settlement could be made by plaintiff of the entire amount of

mortgage indebtedness due the bank, and it be reimbursed for its costs and outlay, including these two items for attorney fees.

These matters were submitted to the jury with appropriate instructions by the court, and the jury found for the defendant. The court overruled the motion for new trial, then approved the verdict and rendered judgment for the defendant for costs.

The court in its instructions quoted R. S. 67-312, and plainly and positively told the jury that the defendant had no right to charge or collect any attorney fees from the plaintiff for the foreclosure of a mortgage given by him, and unless the jury found by a preponderance of the evidence that the plaintiff had agreed to repay the bank for these items of its expense in a settlement with the bank and the bank in such settlement had extended time of payment and reduced the rate of interest, the verdict must be for the plaintiff. There appears to have been evidence supporting this defense, and the instructions were positively in favor of plaintiff's theory as to there being no legal right to collect such attorney fees. The plaintiff's testimony was to the effect that he agreed in the settlement to pay the costs and nothing more, but the jury under these instructions found otherwise.

Appellant complains of the instructions given. They fully accorded with plaintiff's view of the law as to attorney fees, as now argued in his brief. As to the instructions given concerning the alleged settlement covering the fees paid by defendant, it was the duty of the court to give appropriate instructions on that theory of the case when there was evidence to that effect, even if the evidence was slight.

"It is proper to give an instruction based on evidence, although that evidence is slight." (McKnight v. Building Co., 96 Kan. 118, syl. ¶ 6, 150 Pac. 542.)

"Instructions should be framed so as to present the law applicable to the facts developed by the evidence introduced on each side." (Morse v. Ryland, 58 Kan. 250, syl. ¶ 1, 48 Pac. 957.)

We find no reversible eror in the case.

The appellee has filed a motion to dismiss the appeal because the transcript had not been filed with the clerk of the district court. Strictly speaking, the motion should properly be sustained, but where no one has been inconvenienced and the record and files sufficiently present the questions submitted for review, the decision will be upon the merits rather than on the motion to dismiss.

The judgment is affirmed.