No. 30,587.

W. H. SPROUL, *Appellant,* v. W. O. RUSSELL, *Appellee.*

(11 P. 2d 978.)

Opinion filed June 4, 1932.

*W. H. Sproul,* of Sedan, *W. N. Banks, O. L. O'Brien* and *Walter L. McVey,* all of Independence, for the appellant.

*Carl Ackerman,* of Sedan, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was to recover money which plaintiff alleged had been wrongfully obtained from him by defendant. Judgment was for defendant. Plaintiff appeals.

Appellee is a dentist practicing at Sedan. The petition alleged that appellant contracted with appellee for a set of a false teeth. The petition further alleged that a set was made by appellee, which did not fit, but that appellant had paid appellee the full price for the teeth before he learned that they would not fit. The petition alleged that appellee then measured appellant for a second set of teeth and sent these to Washington, D. C., and that they did not fit. The petition also contained the following allegation:

"Plaintiff alleges that defendant did not himself construct either the first or second set of dental plates, and that the defendant did not employ his own professional skill or ability therein, but sent the measurements and forms

away to parties unknown to plaintiff, who did furnish the material and construct the dental plates in their defective and inefficient condition.

"Plaintiff alleges that had he known when he contracted with defendant to construct the said dental plates of the pinkish-colored material and according to specifically given specifications, that the defendant would not construct the plates of the material and in the manner specified, but instead would send them away for unknown parties to construct without any knowledge of their capacity to build the dental plates according to specifications given, he would not have engaged the defendant to construct the dental plates."

. Appellee asked that the above allegations be stricken from the petition. This motion was sustained, and that is one of the matters of which appellant complains. That question will be discussed later.

The answer of appellee alleged that he had constructed the plates contracted for, and stated that if for any reason the plates did not conform with the plates contracted for that he was ready, able and willing to construct them so that they would conform.

The court instructed the jury, among other things, as follows:

"Evidence has been offered to the effect that in the making of a set of plates it is sometimes necessary that the plates be altered or ground down and adjustments made so that they will fit the mouth and be serviceable, and also there is evidence that it is sometimes necessary to make more than one set of plates in order to get a proper fit and to get a set that is reasonably usable as such.

"In this connection you are instructed that if you find from the evidence that among dentists possessed of the usual and ordinary skill it is sometimes necessary that fittings and adjustments be made or that more than one set of plates be made, then it became the duty of the plaintiff to permit the defendant to have a reasonable opportunity to construct a set of plates for the plaintiff. There is nothing in the law that affixes the number of times that a patient must call at the office of his dentist for adjustments or alterations or the making of new plates. What constitutes a reasonable opportunity to fit a patient must depend upon the facts and circumstances in each case. There would be a limit each way. Under some circumstances it would be unreasonable for the patient to expect his dentist-to do such work that no fittings or adjustments or new plates would be required. Under some circumstances it would be unreasonable for a patient to refuse to permit the dentist to do these things. Also, under some circumstances it would be unreasonable for the dentist to require the patient to return many times for fittings or adjustments or that he might be given further opportunities to make new plates or to correct his work. As to what is a reasonable opportunity for the dentist to do the work and furnish the things that he may have agreed to furnish is a question of fact to be determined by the jury.

"Under the admitted facts in this case the chief question for you to determine is whether or not the plaintiff has given the defendant a reasonable opportunity to make a good and workmanlike set of plates. If the plaintiff

has given the defendant such reasonable opportunity, then the plaintiff is entitled to recover back the $100 that was paid by him.

"On the other hand, if the defendant is ready, able and willing to continue his efforts to make in a good and workmanlike manner a set of plates for the plaintiff, and if the defendant has not been given reasonable time or opportunity to make said plates, then your verdict would be for the defendant.

. . . . . . . . . . . . . . . .

"In the event that you find for the defendant on the theory that the defendant has not had a reasonable opportunity to make a set of plates for the plaintiff, then you will use the form of verdict wherein you find for the defendant and that there is nothing due the plaintiff at this time for the reason that the defendant has not had a reasonable opportunity to furnish the plaintiff a set of plates."

The jury returned a verdict as follows:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oath find there is nothing due the plaintiff at this time for the reason that the defendant has not had a reasonable opportunity to furnish the plaintiff with a set of plates."

After the motion for a new trial was denied judgment was rendered in favor of appellee for costs.

The evidence at the trial was not included in the abstract that was brought to this court.

The first specification of error is that of striking out the portion of the amended petition that has already been referred to. The argument of appellant is that he had a right to assume that when he made a contract with appellee for the construction of a set of teeth that appellee himself would do all the work involved, in his own office. An attempt is made to bring the case under the rules announced a number of times where it has been held that contracts that involved special skill or had a personal element in them could not be assigned. We have concluded that the construction of a set of teeth does not come under this rule. It will be noted that the petition does not allege that appellee induced appellant to believe that he himself would do all the work involved in the construction of the teeth nor does the petition allege that it is due to the work performed by others than appellee that the teeth did not fit. Appellant urges that there was an implied warranty that appellee would do the work himself in the very nature of things. He attempts to draw an analogy between this case and that of a highly trained and skilled surgeon whom one would engage to perform an operation, relying on his special skill and training. It would be a more nearly correct analogy, however, to compare this case with that of a skilled

optometrist, who fits a pair of glasses to a patient's eyes and then sends a prescription to an optical company, which is equipped with the machinery to grind the lenses according to the prescription. It is such a common practice in the profession of dentistry for dentists to take the impression of the patient's jaw and do all things that have to do with the fitting of the teeth in the mouth and then send them to what is known as a mechanical dentist for the work of vulcanizing and polishing, that this court will take judicial notice of it. The petition alleges that this is what appellee was doing in this case. We conclude that in doing this appellee was following the recognized practice in his profession, and the fact that he did that constituted no reason why he should not be paid for his services. The language referred to in the petition was properly stricken out.

Appellant also complains of the instructions that were given by the court. It will be seen that the theory upon which the case was tried was that the dentist should have a reasonable opportunity to correct any defects in the second set of teeth of which complaint is made. The petition states that after appellant returned from Washington he "allowed defendant to adjust said plates in his mouth in order to observe their defects, and that they had not been constructed as contracted for, and were so defective that they would not be of any use or service to plaintiff." It will be noted that there is no allegation that appellee was given an opportunity to correct the defects. There is only the allegation that he was shown what they were. Sometimes a defect in the way a set of teeth fits may be corrected by a little filing away of a place where the plates rub the gums. Sometimes the teeth can be filed and be made to fit. Sometimes the plates can be built up a little in some place so that they will fit. Any of these things might be done in a few minutes. It would be a harsh rule, indeed, that would deprive a dentist of pay for his services on account of defects which could be remedied by a few moments' work. For all we are able to ascertain from this record, such is the case. The evidence was not brought here, so our review is limited to what appears on the face of the record. (See *Everett v. Everett,* 110 Kan. 442, 204 Pac. 723; *Typewriter Co. v. Andreson,* 85 Kan. 867, 118 Pac. 879; *Darst v. Swazee,* ante, p. 458.)

Appellant urges as error the form of the verdict that was submitted. This verdict has been heretofore set out in this opinion. The trouble with this contention is that the attention of the trial court was not called to it. If appellant was not satisfied with the form of

the verdict, objection should have been made to it when it was submitted, a motion to correct it should have been filed immediately upon its being returned, or it could have been included in the grounds for a new trial. Not one of these things was done, and matter that was not called to the attention of the trial court cannot be urged as an error on appeal.

The judgment of the trial court is affirmed.

BURCH, HARVEY and SLOAN, JJ., dissenting.