No. 33,717

XELPHO GREEN, *Appellant*, v. WALMER W. FRANK, *Appellee.*

(80 P. 2d 1082)

Opinion filed July 9, 1938.

*O. Renn, George Templar,* both of Arkansas City, *M. L. Opperud* and *O. B. Martin,* both of Blackwell, Okla., for the appellant.

*J. A. McDermott, Chandler F. Jarvis, J. M. McDermott* and *H. O. Janicke,* all of Winfield, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages for injuries growing out of an automobile collision. Judgment was for defendant. Plaintiff appeals.

The collision occurred while plaintiff was riding in the rear seat of a car owned by her, but which was being driven by her husband. Plaintiff and her husband lived at Newkirk, Okla. On the day the injury occurred they had driven in the car of the plaintiff from their home to Blackwell, Okla., where they had picked up another married couple. They had returned to Blackwell and then driven to Arkansas City, Kan., where the four of them had dinner with another couple. After dinner the three couples entered plaintiff's car, being driven by plaintiff's husband, and after one stop in Arkansas City started back to Newkirk, Okla., to the home of plaintiff and her husband, where their two minor sons were waiting. Plaintiff and the other two ladies were riding in the back seat. Her husband and the other two men were riding in the front seat. The collision oc-

curred while driving south toward Newkirk. The car had just reached the south end of Chilocco bridge in Kay county, Oklahoma, when it and defendant's car collided. As a result of the collision plaintiff's car was forced through the guard rails on the east side of the bridge. A piece of timber came through the side of the car, struck plaintiff on the leg, and injured her.

In her petition plaintiff set out the facts about the journey on which she and her husband were traveling and described the place where the collision occurred. She then alleged that defendant was negligent in the operation of his car, in that he was driving at an excessive rate of speed, did not remain on the right-hand side of the center of the road, but crossed over to the left-hand side, and that defendant was not watching the road and traffic at the time of the collision.

The answer of defendant was first a general denial, then an allegation that the injuries of plaintiff were the result of her own negligence and that of others jointly associated with her. The answer alleged that plaintiff and those associated with her were guilty of negligence in that in attempting to pass the car driven by defendant they did not pass to the right of the middle of the road but drove to the left of the middle. The answer further alleged that plaintiff herself failed to use reasonable and ordinary care to protect herself from injury, in that she failed to warn the driver of the car in which she was riding of the approaching car being driven by defendant and of the narrow bridge, and of the necessity for cars keeping to the right, and in failing to warn the driver of her car to drive slowly.

The reply of the plaintiff was a general denial.

The court instructed the jury fully and a verdict was returned for defendant. Motion for a new trial was denied, and plaintiff appeals.

Only one error is urged here.

Plaintiff presents the sole question that the trial court erred in giving certain instructions to the jury as to joint enterprise.

Plaintiff contends that the facts disclosed by the evidence did not warrant the instruction given.

At the outset, it should be noted that plaintiff did not order a transcript of the entire record of the trial. She obtained a transcript of the evidence of herself and her husband only. The abstract in this court is also incomplete in this regard. Defendant argues first that the appeal should be dismissed on this account.

The question of whether the driver of the car in which plaintiff was riding was guilty of negligence which should be imputed to the plaintiff was not the only question in this case. The question of whether the defendant was guilty of any negligence was sharply contested. For aught that appears in this record, that may well have been the reason the jury found for defendant. Of course, if this were the case, then the contributory negligence of plaintiff and the construction on it was of no moment. Furthermore, the facts and circumstances surrounding the actual collision of the two cars are of importance in weighing the correctness of the instruction of which complaint is made. In this case it is apparent that there were four people present in the car with plaintiff at the point where the collision took place. The plaintiff is asking us to reverse a judgment for defendant and to send the case back for a new trial when only a portion of the record is brought to us for review and it bears only on one disputed fact in the case and·does not touch on all phases of that point. There are cases occasionally where the appeal may be determined without a complete record. That is not the case, however, where the errors assigned depend upon the evidence. (See *Darst v. Swazee,* 135 Kan. 458, 11 P. 2d 977.) We shall not consider the merits of this appeal because we are not able to do so intelligently from the record furnished.

The appeal is dismissed.