No. 33,904

ELSIE M. JOHNSON, *Appellee*, v. THE STATE HIGHWAY COMMISSION
OF THE STATE OF KANSAS, *Appellant.*

(83 P. 2d 619)

Opinion filed November 5, 1938.

*Lester M. Goodell,* assistant attorney general, *J. Glenn Logan, C. C. Casey,* both of Topeka, *Woodrow B. Morris,* of Oxford, *Joseph W. Menzie,* of Manhattan, and *C. L. Clark,* of Salina, for the appellant.

*William S. Norris, Homer B. Jenkins, Z. C. Millikin* and *W. C. Millikin,* all of Salina, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by the defendant, the State Highway Commission, from a judgment in a condemnation case.

Before considering the appeal on its merits, two preliminary matters presented by the appellee require our attention. The first is her motion to dismiss the appeal on the ground appellant failed to file a transcript with the clerk of the district court as required by G. S. 1935, 60-3311. The second is a motion to strike parts of the abstract for the same reason, in the event the motion to dismiss the appeal is not sustained. Just why appellant failed to comply with the plain provisions of the statute we are not advised. An appellee is entitled to the benefit of a transcript. That is the plain purpose of the statute. It was not intended the appellee should be restricted to the contents of an abstract prepared by the adverse party. Appellant reminds us the transcript is now on file in this court, and that this court has never dismissed an appeal under similar circumstances, and cites *Baker v. Readicker,* 84 Kan. 489, 115 Pac. 112;

*Readicker v. Denning,* 86 Kan. 79, 119 Pac. 533, and *Hanson v. Kramer,* 131 Kan. 491, 292 Pac. 788.

The instant case was originally set for the June, 1938, session, and was continued to the October session. Appellee's motion to dismiss the appeal was tentatively denied on June 10. Her motion to strike portions of the abstract was not filed until her counter abstract and brief was filed on October 5, 1938. Her first counter abstract was prepared from the abstract, which latter abstract was filed August 31, 1938. Appellee, on oral argument before this court, was granted leave to file a supplemental counter abstract from the transcript now on file in this court. This she has done. In view of all these circumstances, and in view of the further fact that the abstract alone is sufficiently complete to amply sustain the judgment, we have concluded to treat the case on its merits.

Both parties appealed to the district court from the award of the appraisers, who allowed damages in the sum of $1,440 for the land taken for highway purposes, and $3,000 as damages to land not taken. The verdict of the jury was in the total sum of $10,-071.50. It made specific findings of fact. On the argument of the motion for a new trial appellant expressly restricted its complaints as follows:

"8. That the verdict of the jury and each one of the special findings was given under the influence of passion and prejudice upon the part of the jury and prejudicial to the rights of said highway commission.

"10. That the verdict and each one of the special findings is not sustained by *sufficient evidence.*" (Italics inserted.)

Can the judgment be disturbed on these grounds? The land condemned lies immediately adjacent to the southwest corner of the city of Salina. It borders on a part of the south and on a part of the west line of the city limits. The total tract of land involved embraced sixty-seven acres. The Missouri Pacific Railroad track intersects the west half of the tract and runs in a northeasterly and southwesterly direction. The new state highway, designed principally as a truck pass, intersects the east half of the tract and runs from the extreme southeast corner thereof, in a northwesterly direction and through about the center of the north boundary of the tract, where it crosses the railroad track. The entire sixty-seven-acre tract, prior to the construction of the new highway, had been used for farming purposes. New residence construction in the city of Salina was principally to the southwest. The trend for high-class residence properties had been for some time in this direction,

and such buildings had been and were being constructed on ground adjacent to this tract. About 300 houses had been built in Highland Court, and in the addition south thereof in the last two years. Sewer connections and utility service was readily available in the event appellee's tract was used for residence purposes. There was no other land than this tract belonging to the appellee, which was available for residence purposes immediately southwest of the city limits.

There was substantial evidence that the thirty-eight acres of appellee's tract of land lying east of the railroad, prior to the construction of the highway in question, was available and desirable for subdivision purposes and that there was an immediate and prospective use of the thirty-eight acres for that purpose. There was competent and substantial evidence this thirty-eight acres had been rendered valueless for subdivision purposes by reason of the intersecting state highway. There was ample evidence the thirty-eight-acre tract had been rendered much less desirable for farming purposes, for which it had been previously used. The tract west of the railroad track was not affected in value by the new highway, except as the entire sixty-seven-acre tract was rendered less valuable by reason of being further subdivided by the new highway. The testimony fixed separately the difference in value of the various parts into which the land was divided by reason of the highway, and also the difference in value of the entire sixty-seven-acre tract by reason of the highway.

No useful purpose can be served by setting forth the various findings of the jury nor by a detailed discussion of the evidence pertaining thereto. It is not contended by appellant that the findings were not supported by evidence. It is only contended there was not *sufficient* evidence. That contention is based upon the theory the greater number of appellee's witnesses and all of appellant's witnesses fixed the damages as to various items at smaller amounts than did certain other witnesses of the appellee. It was the province of the jury to determine what testimony it would give the greatest credence.

Appellant, however, further insists the various findings themselves indicated prejudice and passion on the part of the jury for the reason it consistently accepted the highest testimony as to damages concerning each item. We have carefully examined the record. That analysis discloses this contention to be true as to most items, but not

as to all items. The contention as to passion and prejudice was also urged upon the trial court. It was apparently not convincing. A review of the record compels the conclusion that we cannot disturb the judgment of the trial court on the theory suggested. While the jury did, in most instances, accept the testimony of the lesser number of appellee's own witnesses, the record, nevertheless, disclosed that a verdict considerably in excess of the one rendered would have been supported by the evidence. This fact probably accounts for the failure of appellant, on the argument of the motion for a new trial, to make the express contention the verdict was excessive or that the special findings were contrary to the evidence. The judgment must be affirmed. It is so ordered.