No. 34,760

Deerhead Township, Barber County, *Appellee*, v. George Fritz and Eliza M. Fritz, *Appellants*.

(102 P. 2d 1035)

Opinion filed June 8, 1940.

*Samuel Griffin,* of Medicine Lodge, for the appellants.

*O. M. Wheat* and *J. Raymond Eggleston,* both of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

Hoch, J.: This was an action to recover on an injunction bond. The defendants filed a cross petition alleging that an agreement had been made for a compromise settlement of the controversy involved in the injunction proceedings; that the plaintiff had broken the contract of settlement, and asking damages therefor. The case is here on appeal from an order sustaining a demurrer to the amended cross petition and from an order sustaining plaintiff's motion for judgment on the pleadings and the opening statement of counsel for defendants.

George Fritz owned a lot of land in Deerhead township, Barber county, Kansas. The township board began improvement of a winding road through the Fritz land, which was largely pasture. Fritz obtained a temporary injunction restraining the township from entering upon his land and continuing the road work. He and his wife executed an injunction bond, in the sum of one hundred dollars, to protect the township against damages in case it were finally shown that the injunction should not have been granted. Upon the trial of the action against the township, the injunction was dis-

solved, and Fritz appealed to this court on January 26, 1937. Upon his own motion the appeal was dismissed on May 3, 1937. On July 26, 1937, the township brought the instant action to recover on the bond.

In his cross petition Fritz alleged that in March, 1937, he and the township board entered into an agreement to settle the controversy; that the agreement was that the road was to be relocated by the county engineer, the old road was to be vacated, the new road built, and the township board was to install automobile gates leading into the Fritz pasture "as soon as said road was relocated"; that Fritz was to circulate the petition required for relocation of the road and was to dismiss his appeal in the injunction case. Fritz then alleged that he had performed his part of the agreement, including dismissal of the appeal in the injunction proceeding; that the road had been relocated, but that the township board had failed to keep its agreement to put in the automobile gates "as soon as the road was relocated," "and did not do so until June, 1937." He then alleged that "during said time, which covered a period of two and one-half months, *the wire gates that were in, were thrown down and left open to such an extent that it was unsafe for defendant to place cattle in said pasture, and that by reason thereof said defendant was unable to use said pasture for a period of two and one-half months, to his damage in the sum of $275.*" (Italics ours.) He further alleged that when the township board did put in the automobile gates, it used certain lumber on the premises belonging to him, and valued at $12. Judgment for $287 was asked against the township board.

Plaintiff's demurrer to the amended cross petition having been sustained, the action proceeded on the question of defendant's liability on the bond. A demurrer to the answer having been overruled, plaintiff replied with a general denial, a jury was sworn in and opening statements made by both plaintiff and defendants. Following the opening statement by counsel for the defendants, the plaintiff moved for judgment on the opening statement and upon the pleadings. The court reserved its ruling upon the motion and the plaintiff introduced testimony showing expenditure of $125 for attorney's fees in the injunction action. After hearing argument on the motion in the absence of the jury, the court sustained the motion and entered judgment for $100 against the defendants, under their liability on the bond. Motion for a new trial was overruled.

We are met at the outset with the question of whether the amount of the judgment, being $100 and costs, is sufficient to give this court jurisdiction of the appeal. (G. S. 1935, 60-3303.) It was argued that since there is also here an appeal involving the cross petition which alleged breach of a compromise settlement of the injunction controversy, and which sought recovery of damages in the sum of $287, the appeal is not barred by the statute. It may be noted in passing that the cross petition did not specifically allege that the compromise agreement included renunciation of a right to bring action on the injunction bond. Be that as it may, a situation similar to the instant case, and involving a counterclaim, was considered in the recent case of *Foster v. Kopp*, 151 Kan. 650, 100 P. 2d 669, and it was there held that an appeal could not be maintained.

Disregarding for the moment, however, the question of appealability, we are also met with appellee's contention that the order sustaining the motion for judgment on the pleadings and the opening statement of appellants cannot be reviewed because the statement was not taken down and its substance is not shown by the record. Appellants contend that the opening statement in no way modified the allegations of the answer, while the appellee contends to the contrary. We have no means of determining that issue. In the absence of the opening statement we cannot say that it contained no admissions of facts or interpretations of the answer which materially affected the situation when the ruling was made. This court cannot review a record which is not before it. (*Mundell v. Franse*, 143 Kan. 139, 53 P. 2d 811; *Darst v. Swazee*, 135 Kan. 458, 11 P. 2d 977; *Girten v. Zinc Co.*, 98 Kan. 405, 158 Pac. 331; *Van Horn v. Van Horn*, 74 Kan. 891, 88 Pac. 62.)

Counsel for appellants states that he had no reason to have his opening statement taken down since he had no intention of making —and did not make—any statements that would modify the issues presented by the pleadings. It is urged that under such circumstances the burden is upon the appellee to show that the opening statement modified the issues. Assuming, with the appellants, that they had no reason in the first instance to foresee the need of having the reporter take down the opening statement, an adverse ruling, however unexpected, did not leave him helpless to protect his position on appeal. Following the ruling, he could at once have asked leave to dictate the statement into the record. Had any disagreement then developed as to what the opening statement had been, the

disagreement could have been settled by the court and the record made clear. More than that, this court, in discussing the provision of the code (G. S. 1935, 60-3318) relative to preparation of a record by the trial court in case of the death or disability of the court reporter following the trial, has commented upon the broad powers of the trial judge to authenticate a statement sufficient as a record to be used for review, even in the absence of a specific statute covering such situations. (See *Spencer v. McClenney,* 104 Kan. 107, 178 Pac. 253; *State v. Bennett,* 137 Kan. 183, 184, 19 P. 2d 443.)

For reasons stated, the order sustaining the motion for judgment on the pleadings and the opening statement of appellants is not before us for review and the appeal therefrom must be dismissed.

There remains the question of whether the demurrer to the amended cross petition was properly sustained. Our first inquiry is whether the damages sought were for breach of contract or were founded in tort. Two items of damage were alleged, one being for $12 for alleged use by the township board, in making the automobile gates, of lumber belonging to Fritz, and the other being for loss of pasture rentals for two and one-half months, amounting to $275. As to the first item, being one for wrongful appropriation of property, the action is plainly in tort. As to the second item of damage, it is equally clear, upon careful examination of the cross petition, that the action is in tort. It was alleged that the township board agreed to install automobile gates as soon as the road was relocated, but did not do so until about two and one-half months thereafter. But this alleged breach of contract is not thereafter in the petition set up as the direct cause of the loss of pasture rentals. On the contrary, the loss is alleged to have resulted from failure of those who were building the road to keep closed the wire gates that were already there. The pertinent portion of the cross petition reads as follows:

"That during said time, which covered a period of two and one-half months, *the wire gates that were. in, were thrown down and left open to such an extent that it was unsafe for defendant to place cattle in said pasture, and that by reason thereof* said defendant was unable to use said pasture for a period of two and one-half months to his damage in the sum of $275" (italics ours).

It thus appears, by plain implication, that if those who were working on the new road had kept the wire gates closed appellants would have been able to use the pasture as usual, in spite of the delay in

installing "automobile gates." As far as the record shows, negligence in leaving the old gates open had nothing to do with the alleged contract. Moreover, it is pertinent to note that although appellants contend that their agreement to dismiss the injunction action was conditioned in part upon agreement of the township board to install the automobile gates as soon as the road was relocated, they dismissed the action about six weeks after the date the gates were to be put in—which is about two-thirds of the period covered by the alleged loss of pasturage. If the cross petition stated any cause of action, it was one based on culpable negligence of the plaintiff, its agents or employees.

No statute has been called to our attention imposing liability upon a township board for such acts of its officers or employees. Right of action, if any, was against the individuals whose acts are complained of. A township is a political subdivision of the state. It is well established that being an arm of the state, it is not liable in actions for tort unless such liability is clearly imposed by statute. (*Smith v. Higgins*, 149 Kan. 477, 479, 87 P. 2d 544; and cases there cited; *Eikenberry v. Township of Bazaar*, 22 Kan. 556; *Fisher v. Township*, 87 Kan. 674, 125 Pac. 94; *Arnold v. Coffey County Comm'rs*, 131 Kan. 343, 291 Pac. 762.) The demurrer to the amended cross petition was properly sustained.

The conclusions heretofore stated make it unnecessary to determine other issues raised.

The judgment is affirmed.