No. 35,562

CECIL T. GARRISON and JAMES PERKINS, *Appellants*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Appellee*.

(126 P. 2d 228)

Opinion filed June 6, 1942.

*Cecil T. Garrison* and *James Perkins* were on the briefs *pro se.*

*Jay S. Parker,* attorney general, and *Jay Kyle,* assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment of the district court of Leavenworth county which denied appellants' application for a writ of habeas corpus to secure their discharge from the penitentiary where they are now serving unexpired sentences of imprisonment imposed by the district court of Gray county.

The record presented in this appeal is altogether insufficient to review the judgment of the Leavenworth county district court, and with entire propriety the appeal might be dismissed. (G. S. 1935, 60-3311; G. S. 1941 Supp. 60-3312; G. S. 1935, 60-3826; *Shreiner v. Rothgarn,* 154 Kan. 20, 114 P. 2d 834.) But counsel for the warden do not insist on its dismissal, and so we have carefully read and considered everything that has been laid before us.

And, first, a word of explanation to the general student of our recent plethora of habeas corpus appeals from Leavenworth county: The Kansas State Penitentiary is located in Leavenworth county, and so the inmates of that institution who think there was some irregularity in their trial and conviction and sentence to the penitentiary imposed by the district court of the county where their crimes were committed, frequently resort to the district court of Leavenworth county for such redress as it may be able to grant by habeas corpus.

It appears that sometime in 1940 these appellants were caught in the act of burglarizing an oil and gas station at Montezuma in Gray county. The night marshal of Montezuma who arrested them found in their automobile certain articles stolen from a schoolhouse in the same county. Appellants waived a preliminary examination and were bound over to the district court.

Thereafter, on November 16, 1940, at a regular sitting of the district court of Gray county a criminal case against James Perkins on charges of burglary and grand larceny and a criminal case against Cecil T. Garrison on similar charges of burglary and grand larceny

were pending and called for trial. The defendants were personally present in court, but without an attorney. By mutual agreement of defendants and the county attorney, and with the consent of the court, the two criminal cases were consolidated for trial. Each defendant was formally arraigned and pleaded guilty of burglary in the second degree in two counts, and the count of grand larceny against each defendant was dismissed by the county attorney, with the consent of the court. It was made to appear that each defendant was over the age of twenty-five years, and following the usual allocution each defendant was separately adjudged and sentenced to penal servitude for a term of not less than five years nor more than ten years on each count, the sentences on each count to run concurrently.

No effort was made to appeal from those judgments and sentences, and pursuant thereto appellants were incarcerated in the penitentiary.

About a year later appellants as co-petitioners filed in the district court of Leavenworth county their application for a writ of habeas corpus, setting up certain grounds therefor which will be noted later in this opinion. A writ was issued and directed to the warden to bring the petitioners before the district court; and later, on February 6, 1942, the cause was heard on the evidence adduced on behalf of the petitioners and likewise on behalf of the respondent warden; and after arguments of petitioners and by counsel for the warden the court gave judgment denying the release of the petitioners and remanding them to the custody of the warden.

Hence this appeal.

Noting seriatim the grounds on which appellants based their application for the writ, it is first alleged that the journal record of judgment of Gray county shows that the co-petitioners were denied counsel. This is plain misstatement of the record. It shows no denial of counsel. It merely shows that they had no attorney. The testimony of the sheriff, the county attorney, and the district judge, all three, is a complete refutation of this allegation that counsel was denied to them, and affirmatively shows that they expressly waived their right to be represented by counsel. Moreover, the burden to prove they were denied the assistance of counsel rested on the petitioners. In the opinion of the trial court they did not sustain that burden, and while the determination of that issue of fact was the responsibility of the district court of Leavenworth county, we concur in its judgment on that issue.

The second, third, fourth and fifth grounds of the application for the writ were merely variations of the first—that they did not understandingly waive their right to the assistance of counsel. The evidence which the trial court chose to believe was clearly to the contrary. So, too, their allegation that the county attorney led them to believe that the advice of counsel was not necessary was not sustained by the evidence; and even if it were shown that the county attorney had so advised them, he would have stated what was correct under Kansas law. Men of twenty-five years of age, charged with penal offenses, can be tried, convicted and sentenced without being represented by counsel, if they do not request the assistance of counsel or decline the court's offer of counsel. (*Jones v. Amrine*, 154 Kan. 629, 121 P. 2d 263). Appellants confuse the federal and state constitutional guaranties on this point. When a person is charged with a felony under federal law, the federal constitution and federal statutes govern, and the sixth amendment to the federal constitution declares that he "shall enjoy the right . . . to have the assistance of counsel for his defense." The sixth amendment does not apply to prosecutions for crimes against state law. (*Eilenbecker v. Plymouth County*, 134 U. S. 31, 33 L. Ed. 801, and 14 Rose's Notes, 1108-1112.) The constitutional guaranties in the latter class of cases are those prescribed by state law—always giving due regard, of course, to the fourteenth amendment which forbids the state to deprive an accused person of life, liberty or property without due process of law. It might be argued that the denial of the assistance of counsel was a breach of due process. But it can scarcely be argued that the want of the assistance of counsel is a breach of due process when such assistance is not requested and not denied. Indeed, notwithstanding the constitutional guaranty of the right to assistance of counsel guaranteed by the sixth amendment, an accused may waive that right on trial in a federal court for a crime defined and punishable under United States law. (*Johnson v. Zerbst*, 304 U. S. 458.)

In the notorious case of *State v. Oberst*, 127 Kan. 412, 273 Pac. 490, where this court held it was material error to permit a seventeen-year-old boy to plead guilty to seven charges of murder in the first degree, without an attorney to consult with and advise him, we went thoroughly into the question of the propriety of permitting persons accused of crime to plead guilty without the advice of counsel. In part we said:

"It is part of our fundamental law that a person on trial for a crime is entitled to the assistance of counsel for his defense (Bill of Rights, § 10). This

right is intended to be adequately secure by our penal code (R. S. 62-1304), and the same doctrine is as thoroughly emphasized in our criminal jurisprudence as any one matter treated in the 125 volumes which chronicle the judicial deliberations of this court.

. . . . . . . . . . . . . .

"In a belated supplemental brief submitted by the state . . . are citations of cases from other states where pleas of guilty were received without advice of counsel. We have examined them all. . . . In none of these was the defendant a mere boy, and none of the offenses rose to the gravity of murder. Without approving or condemning the practice of accepting a plea of guilty on miscellaneous charges of crime without advice of counsel, we can see how mature criminals who know quite well what they are about may be permitted to do so; but where the charge is murder in the first degree and the punishment necessarily imprisonment for life, and no possible advantage or leniency to the defendant could be gained by pleading guilty thereto without the advice of counsel, such a plea should only be received with great circumspection. From a seventeen-year-old boy it should not be so received at all." (pp. 417, 424.)

The sixth ground of the application for the writ reads:

"Co-petitioners are not guilty as charged by information in cases No. 4,823 and No. 4,824; were led and coerced by the prosecutor into a plea of guilty when their real desire was to plead not guilty."

An issue of guilty or not guilty is not justiciable in habeas corpus. And the evidence altogether failed to show that petitioners were coerced into pleading guilty, and it did not show that their real intention was to plead not guilty. No shadow of error appears in the judgment of the Leavenworth county district court which denied them their liberty and remanded them to the custody of the warden. That judgment is therefore affirmed.