No. 36,125

W. H. BARKER, *Appellee*, v. JOSEPH B. FLEMING and AARON COLNON, as Trustees of the Estate of the Chicago, Rock Island & Pacific Railway Company, *Appellants*.

(148 P. 2d 493)

Opinion filed May 6, 1944.

*Clayton M. Davis,* of Topeka, argued the cause, and *J. E. DuMars,* of Topeka, and *L. J. Bond,* of El Dorado, were on the briefs for the appellants.

*J. B. McKay,* of El Dorado, argued the cause for the appellee.

The opinion of the court was delivered by

P.ARKER, J.: This was an action instituted under the provisions of G. S. 1935, 66-232, to recover damages resulting from a fire alleged to have been caused by defendants in the operation of its railroad. The plaintiff prevailed and the defendants appeal.

The sufficiency of the pleadings is not involved in this controversy. Briefly, it can be stated the petition alleged the defendants in the operation of their railroad set a fire along its right of way, which fire burned over and across other combustible material, between the point of its origin and plaintiff's real estate where it burned and destroyed a house, barn, granary, garage and other property belonging to the plaintiff. The answer denied the fire was caused by the operation of the railroad and alleged that if it was started in the operation thereof the sole and proximate cause of the destruction of plaintiff's property was his carelessness and negligence in permitting inflammable and combustible material and vegetation to accumulate and remain upon his real estate and that he failed to exercise ordinary care and precaution to guard against and prevent the spread and communication of fires to his property, the exercise of which care would have prevented the loss and damage sustained by him.

At the trial, which was to a jury, eight witnesses testified for the plaintiff and nine for the defendants. For reasons to be presently disclosed it is unnecessary to relate all the testimony or its substance. Summarizing, in addition to proof of value of the buildings at the time of their destruction, it can be stated the plaintiff's evidence disclosed that the fire started on the defendants' right of way at a point approximately 100 rods south of the plaintiff's buildings, shortly after a little yellow railroad car, propelled by a gasoline motor, had been observed going down the railroad track and past the point where it was first observed, and that thereafter such fire spread to the north to the place where it reached the plaintiff's land and set fire to and destroyed his buildings. It also disclosed that no vehicle or person, save and except the railroad car referred to, and the person or persons riding thereon, had been seen by plaintiff's witnesses in the vicinity of where the fire originated. Defendants demurred to this evidence, and, when that demurrer was over-

ruled, produced their evidence. At the close of all the testimony they requested the court to instruct the jury to return a verdict in their favor. This requested instruction was refused. Thereafter the cause was submitted to the jury, which in due time returned a verdict in favor of plaintiff.

Appellants' specification of errors raises but two questions, a fact which they candidly admitted on oral argument. Those issues are that the trial court erred in overruling their demurrer to the plaintiff's evidence and in refusing to instruct the jury to return a verdict in their favor.

At the outset, and before we can review any of the alleged errors complained of, we must first determine a question raised by appellee, through the medium of a motion to dismiss the appeal, based upon the ground that appellants have not caused a complete transcript of the evidence to be prepared and filed. Appellee points out, and appellants admit, that notwithstanding the fact seventeen witnesses testified at the trial the transcript procured and filed by the appellants covers the testimony of only four of appellee's witnesses and one of appellants'. It is urged that this failure to furnish a complete transcript precludes a review of the issues raised by the specification of errors and requires a dismissal of the appeal. This point is a serious one and under the circumstances of this case seems to be insurmountable.

In a long line of decisions dealing with appellate procedure we have established the general proposition that a litigant who is dissatisfied with the disposition of a cause in the trial court must see that such a record is made as will enable this court to review the errors of which he complains, and that failure to provide a complete transcript of the evidence or the procuring of a partial or incomplete one greatly restricts the scope of appellate review, in fact, excludes from the scope thereof all features of the lawsuit dependent upon such evidence. Viewed in the light of this general rule the sufficiency of the record has been tested on many occasions under varied conditions and circumstances—as in this case—by a motion to dismiss the appeal. Reference to specific cases discloses that where no transcript or only an incomplete transcript of the evidence has been supplied by the appellants we have held there can be no appellate review of—findings of fact, *Mercer v. Kirkwood*, 147 Kan. 637, 77 P. 2d 929; requested findings of fact, *Buckwalter v. Henrion*, 111 Kan. 781, 208 Pac. 645; motions for judgment on opening state-

ments, *Deerhead Township v. Fritz,* 152 Kan. 110, 112, 102 P. 2d 1035; objections to instructions based on the premise the evidence did not warrant their submission, *Green v. Frank,* 148 Kan. 194, 80 P. 2d 1082; a contention there was no evidence to support a judgment as rendered, *Readicker v. Denning,* 86 Kan. 79, 119 Pac. 533; trial errors complained of, *Farmers State Bank v. Crawford,* 140 Kan. 295, 37 P. 2d 14; *Schreiner v. Rothgarn,* 154 Kan. 20, 114 P. 2d 834, or any and all questions arising on the evidence, *Hegarty v. Refining Co.,* 110 Kan. 171, 204 Pac. 144; *Everett v. Everett,* 110 Kan. 742, 204 Pac. 723; *Sproul v. Russell,* 135 Kan. 620, 11 P. 2d 978; *Darst v. Swazee,* 135 Kan. 458, 11 P. 2d 977; *Kininmonth v. Carson,* 156 Kan. 808, 137 P. 2d 173. Under similar circumstances where a review of the sufficiency of findings of fact has been sought it has been said that such findings must be accepted as correct and it must be assumed there was evidence to support them. (*King v. Stephens,* 113 Kan. 558, 560, 215 Pac. 311; *Amusement Syndicate Co. v. Martling,* 118 Kan. 370, 376, 235 Pac. 126.) Other decisions dealing with various phases of the subject are *Stephens College v. Long,* 156 Kan. 449, 450, 134 P. 2d 625; *Nelson v. State Bank of Keats,* 138 Kan. 629, 27 P. 2d 208, and *Garrison v. Amrine,* 155 Kan. 509, 510, 126 P. 2d 228. Many other cases could be cited but we shall not attempt to list all of them. They are to be found in the opinions of those we have just referred to.

Appellants meet the appellee's challenge of their right to appellate review by the statement the transcript furnished by them contains all the material evidence adduced at the trial which they deem necessary for the consideration of the court on the questions presented and that the transcript in fact contains all testimony on the question of whether they set the fire in the operation of their railroad. There are decisions to be found, and appellants point to them, holding: That where no one has been inconvenienced and the record and files sufficiently present the questions submitted for review the decision of this court will be upon the merits rather than the motion to dismiss (*Wingrove v. People's Nat'l Bank,* 127 Kan. 722, 275 Pac. 150), that the want of a transcript does not necessarily require the dismissal of an appeal, particularly when the issues are such this court can find there is evidence to sustain the trial court's finding and a judgment can be upheld on the basis of the evidence before us, irrespective of the lack of a transcript (*Putman v. City of Salina,* 136 Kan. 637, 17 P. 2d 827; *Huston v. Tower,* 126 Kan.

527, 268 Pac. 839; *McGuire v. Davis,* 95 Kan. 486, 491, 148 Pac. 755, and *Wyckoff v. Brown,* 135 Kan. 467, 11 P. 2d 720), and that a motion to dismiss will not be sustained where for some reason the moving party without objection has acquiesced in the filing of a partial transcript or by his action precluded himself from relying thereon. (See *Shreve v. White,* 143 Kan. 838, 57 P. 2d 24, and *Johnson v. State Highway Commission,* 148 Kan. 489, 490, 83 P. 2d 619.) In all these cases it must be noted the rule restricting appellate review is recognized and that it is only because of some unusual circumstance or condition it is not applied.

Supporting their statement the transcript contains all the material evidence, appellants in their reply brief point out no one has been inconvenienced by their failure to furnish a complete one and that appellee does not contend the contrary. The trouble with this argument is that it is not only based upon an erroneous premise but also ignores the issue raised by a motion to dismiss for lack of a complete transcript in a case where the questions submitted for appellate review are dependent solely upon the sufficiency of the evidence. In the first place, appellee on oral argument disputes the fact that all material testimony on the issue of responsibility for the setting of the fire was included in the abstract and insists that on issues of the character here involved it is for the appellee, not the appellants, to judge what evidence might or might not be material to their determination. In the next, it is obvious that on consideration of a ruling overruling a demurrer to the evidence or one overruling a request for a directed verdict, where all competent evidence must be accepted as true and all reasonable inferences to be drawn therefrom must be indulged in favor of the party adducing it, this court, in the absence of a stipulation or agreement that all material evidence has been included in the transcript, cannot be expected to say there was no evidence to support the trial court's rulings.

In the case at bar a determination of the issues for appellate review depends upon the sufficiency of the evidence. The transcript furnished did not include all the testimony. There was no stipulation or other agreement that it contained all testimony material to a determination of the issues and appellee insists that it did not. Nothing appeared in the record which would preclude recovery as a matter of law. Under such circumstances we are compelled to hold that where a determination of assignments of error depends

upon the sufficiency of the evidence they will not be reviewed. The rule is that to obtain a review of questions depending on the evidence the burden is on the appellant to produce a transcript containing sufficient evidence to establish his position beyond question. This he may do by a complete transcript or by a partial one on agreement between the parties that it contains all evidence material to the issues. Failing in this he acts at his own peril and may greatly restrict his scope of appellate review.

Appellants suggest that if the abstract may include only such parts of the record as an appellant deems necessary it is only logical to hold that the transcript should do likewise. Not so. The answer is to be found in G. S. 1943 Supp. 60-3312, which specifically authorizes that procedure so far as the abstract is concerned, and expressly provides that if the appellee deems the appellant's abstract to be insufficient he may file a counter abstract. No such language is to be found in G. S. 1935, 60-3311, providing for the making, certifying and filing of a transcript. Moreover, without a transcript containing all evidence material to the issues there would be no sufficient record to which an appellee could turn in order to properly prepare his counter abstract.

The appeal is dismissed.