No. 37,721

G. A. BISAGNO, *Appellant*, v. RUTH B. LANE, JULIA COTTON and ALF M. LANDON, *Appellees*.

(211 P. 2d 85)

154

Opinion filed November 12, 1949.

*E. E. Lamb,* of Yates Center, argued the cause, and *Clyde Hill,* also of Yates Center, was with him on the briefs for the appellant.

*Stanley E. Toland,* of Iola, argued the cause and was on the briefs for the appellee Ruth B. Lane.

The opinion of the court was delivered by

ARN, J.: Plantiff below brought this action to recover from the defendants for the drilling of oil wells pursuant to oral contracts, and for lease rentals, labor and equipment, and operation of producing oil wells. The petition contains six causes of action, the first five of which ask payment for the drilling of oil wells and certain expenses in addition thereto. The sixth cause of action seeks recovery

for half of the lease rentals allegedly paid by plaintiff on acreage jointly owned by plaintiff and defendants. The prayer was for a money judgment with equitable liens upon defendant Lane's respective interest, and for an order restraining said defendant from encumbering or disposing of her interest.

The defendant, Ruth B. Lane, filed an answer separately directed at each of plaintiff's causes of action and a cross petition in two causes of action. Defendant's answer admits plaintiff drilled many of the wells in question, denied many of plaintiff's allegations, and claimed she was not indebted to plaintiff in any amount. The cross petition interpleaded Alf M. Landon as a necessary defendant, and he was made a party to this action. The cross petition sought a money judgment against plaintiff, and also prayed that the respective interests of plaintiff, defendant and Landon be determined in and to the properties jointly owned by them and that such properties be sold and the proceeds distributed. Plaintiff's reply and answer to defendant's cross petition was a general denial. The trial court sustained a demurrer as to the defendant Julia Cotton, and Landon made no appearance in the court below and is not involved in this appeal.

The journal entry indicates that the trial, which was by jury, consumed four full days. The record before us refers to plaintiff's exhibits numbered as high as 76. The jury verdict was for defendant and assessed her recovery at $750. Plaintiff's motion for new trial was overruled and he appealed. The transcript of the evidence obtained by appellant omits all of plaintiff's evidence offered in his case in chief. It appears also that oral testimony was taken in support of the motion for a new trial, and no transcript was obtained of those proceedings.

The alleged errors on the part of the trial court are specified by appellant as follows:

1. The court erred in admitting on behalf of appellee, incompetent, irrelevant, immaterial and prejudicial evidence over the objection of the appellant.

2. The court erred in instructions given to the jury.

3. The court erred in the judgment made and entered in this case.

4. That the judgment entered in said case was procured by fraud on the part of appellee.

5. For misconduct on the part of the jury.

6. That the verdict of the jury and judgment of the court are not supported by the evidence in said trial.

7. The court erred in overruling appellant's motion for new trial.

Before discussing these alleged errors it should be noted that nothing before us indicates there was a stipulation by the parties hereto or their counsel to the effect that any part of the evidence would be unnecessary for a proper examination and consideration of this appeal. In fact, appellee contends and her counsel argues before this court that a transcript of all the evidence is vital to a determination of this controversy. That being so, we are compelled to follow the general principle announced in *Barker v. Chicago, R. I. & P. Rly. Co.*, 158 Kan. 549, 148 P. 2d 493, as follows:

"Where parties seek appellate review of questions depending solely on the sufficiency of the evidence it is incumbent upon them, in the absence of a stipulation or agreement doing away with its necessity, to procure an official transcript of all the evidence, and when they fail to furnish such transcript, or procure one containing only portions of the testimony, which is challenged as inadequate for an effective review, the evidence will not be reviewed and their appeal will be dismissed." [Syl.]

See, also, *McGuire v. Davis*, 95 Kan. 486, 491, 148 Pac. 755; *Everett v. Everett*, 110 Kan. 442, 204 Pac. 723; *Buckwalter v. Henrion*, 111 Kan. 781, 208 Pac. 645; *Darst v. Swazee*, 135 Kan. 458, 11 P. 2d 977; *Sproul v. Russell*, 135 Kan. 620, 11 P. 2d 978; *Farmers State Bank v. Crawford*, 140 Kan. 295, 37 P. 2d 14; *Mercer v. Kirkwood*, 147 Kan. 637, 77 P. 2d 929; *Green v. Frank*, 148 Kan. 194, 80 P. 2d 1082; *Deerhead Township v. Fritz*, 152 Kan. 110, 112, 102 P. 2d 1035; *Schreiner v. Rothgarn*, 154 Kan. 20, 114 P. 2d 834; *Kininmonth v. Carson*, 156 Kan. 808, 137 P. 2d 173. In *Robinson v. Davis*, 162 Kan. 44, 46, 174 P. 2d 111, it was held that a transcript of all the evidence adduced at the hearing on a motion for a new trial is necessary in order to show that all trial errors and irregularities were first presented to the trial court before being considered by this court on appeal. Appellant urges a dismissal of this appeal for the reason that no complete transcript of the evidence has been provided, certified and filed with the clerk of the district court as required by G. S. 1935, 60-3311. Since there may be some questions raised by appellant which can be considered upon the record before us, the appeal will not be dismissed as was done in *Barker v. Chicago, R. I. & P. Rly. Co.*, supra, but we will indulge in a discussion of the appellant's specifications of error quoted above.

The first and sixth specifications so obviously raise issues for which a full and complete transcript of the evidence is necessary for a proper review by this court that those matters cannot be

considered without such a transcript. That a full record is necessary to determine whether certain evidence is competent, relevant or material, or to determine whether all the evidence supports the verdict, is too clear for argument. (*Hegarty v. Refining Co.*, 110 Kan. 171, 204 Pac. 144; *Readicker v. Denning*, 86 Kan. 79, 119 Pac. 533.)

By his specification number two, appellant contends the trial court erred in instructions given to the jury. The court's instructions are not included in the abstract. This alleged error was not made one of the grounds of appellant's motion for a new trial, and the instructions cannot be considered here. (*Coryell v. Edens*, 158 Kan. 771, 772, 150 P. 2d 341; *Barnhill v. Ow*, 145 Kan. 696, [Syl. ¶ 4], 67 P. 2d 546.) Furthermore, there can be no merit to this contention by appellant because the journal entry of judgment approved by his counsel recites the following:

"Thereupon, all the evidence having been introduced, the Court submits to counsel the instructions in writing to be given to the jury and counsel for respective parties make no objections thereto nor suggest any modification thereof, and the said instructions are then given by the Court to the jury."

Appellant specifies as a third error that the judgment made and entered by the trial court was erroneous. But the instant appeal was not from the judgment rendered; it was only from the order overruling the motion for new trial. Furthermore, this specification is too broad to have any specific reference to any error, and it presents no real question for review. (*Hamilton v. Binger*, 162 Kan. 415 [Syl. ¶ 5], 176 P. 2d 553, and cases cited p. 418.)

It is next contended by the fourth specification that the judgment was procured by fraud on the part of the appellee. Here again, the judgment was not appealed from. There was no finding of fraud made by the trial court. Furthermore, the judgment being procured by the corruption of the party obtaining it (the sixth ground for new trial G. S. 1935, 60-3001) is not one of appellant's grounds for a new trial.

As the fifth specification of error, appellant charges misconduct on the part of the jury, and bases his argument in this respect upon affidavits of three jurors who purport to say they were confused because so many items were introduced in evidence. They say further that they considered a certain credit in favor of defendant-appellee to which appellant contends appellee was not entitled. These affidavits undertake to explain affiants' reasons for agreeing to the

verdict when it was rendered and when the jury was polled. For purposes of impeaching the verdict, these affidavits are improper. (*Henderson v. Deckert*, 160 Kan. 386 [Syl. ¶ 4], 162 P. 2d 88, and cases cited p. 392.)

The last of appellant's specifications complains of the overruling of the motion for new trial. Several of the grounds for this motion were separately stated as specifications of error and have already been discussed. The other grounds urged by appellant are: (1) abuse of discretion by the trial court; (2) accident and surprise which ordinary prudence could not have guarded against; and (3) newly discovered evidence.

Appellant requested permission of the trial court, at the close of the evidence, to file an amended petition to conform to the proof. His request was refused and this is the basis for the present charge that the trial court abused its discretion. That, of course, was a matter within the sound discretion of the trial court and there is no showing, or attempt to show, that such discretion was abused. (*Byington v. Comm'rs of Saline Co.*, 37 Kan. 654 [Syl. ¶ 3], 16 Pac. 105; *Board of Education v. Barton County Comm'rs*, 144 Kan. 124, 58 P. 2d 40 and cases cited p. 127; Dassler's Civil Code for Kansas, 2d Ed., p. 365.) And again, without a transcript of plaintiff's evidence we could not, if constrained to attempt it, determine what portions of the amended petition conformed or did not conform to plaintiff's proof.

Appellant contends he was surprised when defendant below introduced her canceled checks in evidence of payment of certain accounts. But nothing was done or said about it until the hearing on the motion for new trial when plaintiff introduced his own affidavit. Appellant (plaintiff) surely could have discovered his dilemma before he finished the trial which included a rather lengthy rebuttal. If then he was unprepared to meet such evidence, he had ample remedy as aptly suggested in *Boot and Shoe Co. v. Martin*, 45 Kan. 765, 26 Pac. 424, where this court said:

"If a plaintiff finds himself unprepared to meet the defendant's evidence, he should ask at the trial for time to meet it. Generally this will be allowed upon such terms as may seem just; but if this is not allowed, he always has it in his power to dismiss his action without prejudice, which will leave him at liberty to sue again for the same cause of action. He cannot, as a general rule, be permitted to take the chances upon the evidence to which he does not object, and, when the judgment is rendered against him, obtain a new trial, simply because he was surprised at the evidence presented." (Syl. ¶ 3.)

See also *Hanson v. Kendt,* 94 Kan. 310, 146 Pac. 1190.

A plaintiff may dismiss his action without prejudice any time before final submission to the court or jury (G. S. 1935, 60-3105); and upon such a failure of the action, may refile it within one year thereafter (G. S. 1935, 60-311).

Appellant also contends he had newly discovered evidence material to his cause which could not be produced at the trial. But whether it was "new evidence," or merely "cumulative," or whether it would be "repetition" cannot possibly be determined without a full transcript of plaintiff's evidence—and therefore is not a matter which this court can review.

An examination of the incomplete record before us reveals no error that would justify a reversal of this case. The judgment is affirmed.